**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>KYOCERA CORPORATION,<br><br>            Defendant.<br><br>KYOCERA CORPORATION<br><br>            Counterclaimant,<br><br>v.<br><br>HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>            Counterdefendant. | Case No. 15-CV-11236 (TLL) (PTM)<br><br>Honorable Thomas L. Ludington<br>Mag. Judge Patricia T. Morris<br><br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter having come before the Court by stipulation of plaintiff Hemlock Semiconductor Corp. ("Hemlock") and defendant Kyocera Corporation ("Kyocera"), for the entry of a protective order pursuant to Fed. R. Civ. Proc. 26, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having

stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS HEREBY ORDERED that:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment, including documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

    2.    Any party or non-party may designate Discovery Material as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

    3.    As used herein:

    (a)    "Confidential Information" shall mean all information, including but not limited to that contained within Discovery Material, designated as "confidential" in accordance with the preceding paragraph if such information consists of, or would otherwise disclose to the reader, trade secrets, proprietary business information, competitively sensitive information, nonpublic personal information, or other

2

information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

    (b)   "Producing party" shall mean the parties to this action and any non-party producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (c)   "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

    4.   The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of Discovery Material as Confidential Information. If the Producing party does not agree to declassify such Discovery Material, the Receiving party may move before the Court for an order declassifying that Discovery Material. If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, "Confidential Information" shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the parties to this action actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) personnel of the corporate parents of the parties, Kyocera and Hemlock, engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(c) former personnel of the parties to this action actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have consented in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

(d) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(e) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give

4

testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

 (f) the Court and court personnel, if filed in accordance with paragraph 12 hereof;

 (g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

 (h) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

 (i) any other person agreed to by the parties.

 6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

 7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(d) hereof, the expert or consultant will execute the written agreement in the form of Exhibit A attached hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Fed. R. Civ. Proc. 26(a)(2), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition, or pages thereof, shall be classified appropriately.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such confidential Information.

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any Discovery Material which has been designated as Confidential Information under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

11. A party may designate as Confidential Information subject to this Stipulation any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documentary Discovery Material, designation

shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

12.

(a) A Receiving party who seeks to file with the Court any Discovery Material that has previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall provide all other parties with seven days' written notice of its intent to file such material with the Court, so that the Producing Party may file a motion under Local Rule 5.3 to seal such Confidential Information asserting good cause for such sealing. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all Discovery Material

which was the subject of the order to seal (and any pleading, memorandum or correspondence which reproduces, paraphrases or discloses such Discovery Material), shall be filed in accordance with the ECF Policies and Procedures for the filing of sealed items.

(b)   All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

13.   Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14.   If a Receiving party is served with a subpoena or other compulsory process that seeks production or disclosure of Confidential Information produced by a Producing party, then prior to compliance, the Receiving party shall give prompt written notice thereof to the Producing party, including a copy of the subpoena or other compulsory process.  Written notice shall be at least ten (10) business days prior to any deadline for production or disclosure, or as promptly as possible if the subpoena or other compulsory process requests production in fewer than ten (10) business days after its service.   This Stipulation shall not be construed as requiring any person covered by this Order to contest or object to a subpoena or other process,

to appeal any order requiring production of Confidential Information, or to subject itself to penalties for non-compliance with any legal process or Order.

15. Any Discovery Material that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the Discovery Material as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

18. A Producing party's inadvertent disclosure in connection with this action of one or more documents that such Producing party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a Receiving

party receives materials that appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity, the Receiving party shall refrain from viewing the materials any further and shall immediately notify the Producing party in writing that he or she possesses material that appears to be privileged. If a Producing party makes a claim of inadvertent disclosure, it shall so notify the other parties and request return of the alleged Privileged Documents. Upon such notice, the Receiving party shall, within five business days, return or destroy (and permanently delete from any electronic storage or media) all documents and information identified by the Producing party and expunge from any other document or material any information derived from the inadvertently produced Privileged Documents, and provide a certification of counsel that all such information has been returned, destroyed and expunged. The Receiving parties may move the Court for an order compelling production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced. The Producing party retains the burden of establishing the privilege or protected nature of any inadvertently produced Privileged Documents. Nothing in this Stipulation and Order shall limit the right of any party to request an in camera review of the inadvertently produced Privileged Documents.

19. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules or other applicable law.

20. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Michigan, without giving effect to its principles or rules regarding conflicts of laws. The provisions of this Stipulation shall be binding upon the parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the parties.

21. This Stipulation has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as Confidential that has been obtained lawfully by such party independently of the proceedings in this Litigation.

22. In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

23. The parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be

subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

24. This Stipulation shall continue to be binding after the conclusion of this litigation except:

(a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of all parties, continue to be binding after the conclusion of this action.

25. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

26. Unless the Court directs otherwise, sealed items will be handled in accordance with Local Rule 5.3(e) following termination of this matter. An order for the return of Confidential Information to the parties or attorneys who submitted them shall require counsel to maintain one archival copy of depositions exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

27. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated during the course of this Litigation, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

28. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions,

or to seek or agree to different or additional protection for any particular material or information.

It is so **ORDERED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: July 29, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2015.

> s/Suzanne M. Gammon
> SUZANNE M. GAMMON

14

Dated: July 23, 2015

By: /s/ *William V. O'Connor*
    William V. O'Connor

Robert A. Hahn (P28193)
Jungerheld, Hahn & Washburn, P.C.
P.O. Box 6128
Saginaw, MI 48608-6128
Tel: (989) 790-0000
r.hahn@ameritech.net

Keefe A. Brooks (P31680)
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
Tel: (248) 971-1800
brooks@bwst-law.com

David C. Doyle
M. Andrew Woodmansee
William V. O'Connor
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, CA 92130-2040
Tel: (858) 720-5100
ddoyle@mofo.com
mawoodmansee@mofo.com
woconnor@mofo.com

*Attorneys for Defendant and Counterclaimant Kyocera Corporation*

By:   w/consent *Craig W. Horn*
    Craig W. Horn

Craig W. Horn (P34281)
Braun Kendrick Finkbeiner P.L.C.
4301 Fashion Square Blvd.
Saginaw, MI 48603
Tel: (989) 399-0217
crahor@braunkendrick.com

Of Counsel:

J. Peter Coll, Jr.
John Ansbro
Thomas Kidera
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
pcoll@orrick.com
jansbro@orrick.com
tkidera@orrick.com

*Attorneys for Plaintiff and Counterdefendant Hemlock Semiconductor Corp*

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>KYOCERA CORPORATION,<br><br>                Defendant. | Case No. 15-CV-11236 (TLL) (PTM)<br><br>Honorable Thomas L. Ludington<br>Mag. Judge Patricia T. Morris<br><br><br>**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL** |
| KYOCERA CORPORATION<br><br>                Counterclaimant,<br><br>v.<br><br>HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>                Counterdefendant. | |

      I, _____, state that:

    1.    My address is _____

_____

    2.    My present employer is _____

_____

    3.    My <u>present</u> occupation or job description is _____

_____

1

4.	I have received a copy of the Stipulation for the Production and Exchange of <u>CONFIDENTIAL</u> INFORMATION (the "Stipulation") entered in the above-entitled action on _____.

5.	I <u>have</u> carefully read and understand the provisions of the Stipulation.

6.	I <u>will</u> comply with all of the provisions of the Stipulation.

7.	I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.	I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.	I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____     _____

2

sd-664779

## CERTIFICATE OF SERVICE

I certify that on July 22, 2015, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: /s William V. O'Connor
     WILLIAM V. O'CONNOR
     WOConnor@mofo.com

sd-664779