# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>KYOCERA CORPORATION,<br><br>*Defendant*. | Case No. 15-CV-11236-TLL-PTM<br><br>Hon. Thomas L. Ludington<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT KYOCERA CORPORATION'S JAPANESE ANTITRUST DEFENSE** |
| KYOCERA CORPORATION,<br><br>*Counterclaimant*,<br><br>v.<br><br>HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>*Counterdefendant*. | |

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff Hemlock Semiconductor Corporation ("Hemlock") respectfully moves this Court for an Order striking Defendant Kyocera Corporation's ("Kyocera") Tenth Affirmative Defense based on Japanese antitrust law.

1

Under this Court's recent ruling in Hemlock Semiconductor Corp. v. Deutsche Solar GmbH, No. 13-11037, 2015 WL 4476327 (E.D. Mich. May 7, 2015), which correctly applied controlling Supreme Court precedent, Kyocera cannot invoke the Japanese antitrust law as a defense because Kyocera does not allege that any of the contract provisions Hemlock seeks to enforce violate antitrust laws on their face, or that any are mechanisms to enforce related provisions that do. Kyocera's purported defense should also be struck because its applicability is contingent upon a finding that Hemlock's market conduct transgresses certain market conditions, which would require the presentation of complex proof and deep inquiry by the Court.

For the reasons and upon the authority stated in the accompanying Memorandum of Law, the Court should strike Kyocera's Tenth Affirmative Defense accordingly.

Dated: August 3, 2015         By: _s/ Craig W. Horn_

    BRAUN, KENDRICK, FINKBEINER, PLC
     Craig W. Horn (P34281)
     4301 Fashion Square Boulevard
     Saginaw, Michigan 48603
     (989) 498-2100
     crahor@BraunKendrick.com

    ORRICK, HERRINGTON & SUTCLIFFE LLP
     J. Peter Coll, Jr.
     John Ansbro
     Alvin Lee
     Thomas N. Kidera
     51 West 52nd Street
     New York, New York 10019
     Telephone: (212) 506-5000
     Facsimile:  (212) 506-5151
     pcoll@orrick.com
     jansbro@orrick.com
     alee@orrick.com
     tkidera@orrick.com

    *Attorneys for Hemlock Semiconductor Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>KYOCERA CORPORATION,<br><br>*Defendant*. | Case No. 15-CV-11236-TLL-PTM<br><br>Hon. Thomas L. Ludington |
| KYOCERA CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>Counterdefendant. | |

**PLAINTIFF HEMLOCK SEMICONDUCTOR
CORPORATION'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STRIKE DEFENDANT
<u>KYOCERA CORPORATION'S JAPANESE ANTITRUST DEFENSE</u>**

# TABLE OF CONTENTS

Page

QUESTION PRESENTED ................................................................................. iii

PRELIMINARY STATEMENT ........................................................................... 1

PERTINENT FACTS ............................................................................................ 1

    A.    2005 – 2007: Kyocera Locks In A Supply Of Polysilicon Through Long-Term Supply Agreements With Hemlock, And Performs Under The Agreements Through 2014 ............................... 1

    B.    Kyocera Invokes Japanese Antitrust Law In Repudiating The Supply Agreements After Hemlock Refuses To Accede To Kyocera's Demands For Lower Prices ............................................... 3

ARGUMENT ........................................................................................................ 4

I.    Kyocera's Japanese Antitrust Defense Should Be Struck Under This Court's Recent Ruling In Deutsche Solar ....................................................... 4

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Hemlock Semiconductor Corp. v. Deutsche Solar GmbH,
  No. 13-11037, 2015 WL 4476327 (E.D. Mich. May 7, 2015) ................... *passim*

Kelly v. Kosuga,
  358 U.S. 516 (1959) .............................................................................. *passim*

National Souvenir Ctr., Inc. v. Historic Figures, Inc.,
  728 F.2d 503 (D.C. Cir. 1984) .................................................................. vi, 6, 7

Specialized Pharmacy Servs., LLC v. Magnum Health & Rehab of
  Adrian, LLC,
  No. 12-12785, 2013 WL 1431722 (E.D. Mich. Apr. 9, 2013) ............................ 4

**Statutes And Rules**

MCLA § 440.2609 ........................................................................................... 2, 3

Fed R. Civ. P. 12(f) ................................................................................... vi, 1, 4

## QUESTION PRESENTED

**QUESTION NO. 1:**  Where a party's alleged affirmative defense based on Japanese antitrust law presents the same issues that this Court recently addressed when it applied U.S. Supreme Court precedent and struck an E.U. antitrust defense, can the Japanese antitrust defense withstand a Rule 12(f) motion?  No.

Plaintiff Hemlock Semiconductor Corporation ("Hemlock") respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(f), for an Order striking Defendant Kyocera Corporation's ("Kyocera") Tenth Affirmative Defense based on Japanese antitrust law.

## PRELIMINARY STATEMENT

Less than three months ago, this Court—faced with the <u>identical</u> question presented by this motion—struck an affirmative defense based on foreign antitrust law, holding that such a defense was unavailable in a straightforward contract-enforcement action. <u>See</u> <u>Hemlock Semiconductor Corp. v. Deutsche Solar GmbH</u>, No. 13-11037, 2015 WL 4476327 (E.D. Mich. May 7, 2015). This Court's analysis and ruling in <u>Deutsche Solar</u> is directly applicable to Kyocera's Tenth Affirmative Defense based on Japanese antitrust law, and the defense should be struck accordingly.

## PERTINENT FACTS

**A.     2005 – 2007: Kyocera Locks In A Supply Of Polysilicon Through Long-Term Supply Agreements With Hemlock, And Performs Under The Agreements Through 2014**

Kyocera and Hemlock entered into the long-term supply agreements at issue in this case (the "Supply Agreements") between 2005 and 2008, under which Kyocera is required to purchase or pay for certain quantities of polysilicon, at fixed prices, on an annual basis for 10 years. <u>See</u> Amended Complaint ¶¶ 9, 11. Kyocera performed under the Agreements for nearly 10 years, through December

1

2014, without ever suggesting that the Agreements violate antitrust law. See id. ¶¶ 17, 21.

### B. Kyocera Invokes Japanese Antitrust Law In Repudiating The Supply Agreements

However, on February 2, 2015, Kyocera sent a letter to Hemlock stating that it intended to "consider its rights" under Supply Agreements I - III, specifically "whether the agreements violate Japanese antitrust law or are otherwise unenforceable," thus reflecting its intent to abandon its obligations under those contracts. Id. ¶ 26. In response, on February 26, 2015, Hemlock sent Kyocera a demand for adequate assurance of performance, pursuant to MCLA § 440.2609 of the Michigan Uniform Commercial Code. See Amended Complaint ¶ 28. Kyocera's March 26, 2015 response stated that Kyocera "has a policy and practice of fully performing all obligations of contracts <u>valid under the law, including Japanese antitrust laws</u>," and goes on to state that "it has come to Kyocera's attention that <u>the contracts violate Japanese anti-trust laws</u>." Id. ¶ 32.

With no adequate assurance from Kyocera, Hemlock filed this action on April 1, 2015, seeking (inter alia) a declaration that Kyocera has repudiated the Supply Agreements.

Two days later, Kyocera filed a retaliatory complaint against Hemlock in the Civil Division of the Tokyo District Court in Japan (the "Tokyo Complaint") alleging that the Supply Agreements are unenforceable because they violate

2

Japanese antitrust law. Kyocera's Tokyo Complaint (i) asks the Tokyo District Court to "suspend" Kyocera's performance obligations, (ii) requests "deletion" of certain provisions in the Supply Agreements, and (iii) seeks money damages. See Amended Complaint ¶¶ 36-37.

On July 10, 2015, Kyocera filed its Answer and Counterclaims in this action. Kyocera's Tenth Affirmative Defense states: "The Supply Contracts, as Plaintiff seeks to enforce them, are illegal, and/or the enforcement of the Supply Contracts would make the Court a party to a violation of Japanese antitrust law."

## ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from any pleading an insufficient defense or any redundant, immaterial, [or] impertinent . . . matter." "[A] court has 'liberal discretion' to strike such filings as it deems appropriate under Rule 12(f)." Specialized Pharmacy Servs., LLC v. Magnum Health & Rehab of Adrian, LLC, No. 12-12785, 2013 WL 1431722, at *6 (E.D. Mich. Apr. 9, 2013). This relief is proper where "it aids in eliminating spurious issues before trial, thereby streamlining the litigation." Id. (internal quotation marks omitted). A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." Id. (emphasis added) (internal quotation marks omitted).

## I. KYOCERA'S JAPANESE ANTITRUST DEFENSE SHOULD BE STRUCK UNDER THIS COURT'S RECENT RULING IN DEUTSCHE SOLAR

This Court recently struck a foreign antitrust defense in a case that is factually and legally indistinguishable from this action. See Deutsche Solar, 2015 WL 4476327. As here, the defendant in Deutsche Solar had entered into a series of long-term supply agreements to purchase polysilicon from Hemlock, and Hemlock sued after Deutsche Solar "ceased making polycrystalline silicon purchases under the Supply Agreements with Hemlock." Id. at *1. Deutsche Solar asserted an affirmative defense that is identical to the affirmative defense that Kyocera has asserted here, stating that: "The Supply Contracts as Plaintiff seeks to enforce them are illegal, and/or the enforcement of the Supply Contracts would make the Court a party to a violation of European Union antitrust law." Id. Kyocera's affirmative defense is copied verbatim from Deutsche Solar's above defense, except it replaces "European Union" with "Japanese." Thus, this Court's ruling in Deutsche Solar striking the defendant's foreign antitrust defense controls here, and dictates that Kyocera's Japanese antitrust defense be struck as well.

As this Court explained in Deutsche Solar, the Supreme Court made clear in Kelly v. Kosuga that courts disfavor attempts to defend straightforward breach-of-contract actions with allegations that the contractual provision sought to be enforced violates antitrust laws. 358 U.S. 516, 518 (1959) ("As a defense to an action based on contract, the plea of illegality based on violation of the Sherman

4

Act has not met with much favor in this Court."). The Kosuga Court affirmed the District Court's decision to "str[ike] the [asserted antitrust] defense as insufficient in law," id. at 517, noting that enforcing the provision under which the plaintiff brought his action—i.e., requiring the defendant to pay for the products that the plaintiff delivered to him—"can hardly be said to enforce a violation of the Act." Id. at 521.

This Court held in Deutsche Solar that antitrust defenses are unavailable in a contract-enforcement action unless the provision sought to be enforced violates antitrust laws on its face, or is a mechanism to enforce a related provision that does so. See 2015 WL 4476327, at *10-11. Kyocera has not claimed (nor can it) that any provision of the Supply Agreements constitutes a facial violation of Japanese antitrust laws. And, like Deutsche Solar, Kyocera does not assert its Japanese antitrust defense under theory of per se violation. Therefore, the Court should rule—as it did in Deutsche Solar—that the Agreements do not contain any patent, facial illegality warranting the allowance of an antitrust defense. See 2015 WL 4476327, at *8 ("Here, there is no patent illegality in [Hemlock's] supply agreements."); id. at *12 ("Here, [Hemlock's long-term supply] agreements are not per se illegal."). Under Kosuga and this Court's recent ruling in Deutsche Solar, Kyocera's Japanese antitrust defense should be struck.

To the extent that Kyocera points to the scant allegations set forth in its Counterclaims to support its affirmative defense, such allegations nonetheless demonstrate that the adjudication of Kyocera's Japanese antitrust defense would require complex inquiries into the global polysilicon and solar energy markets. This Court held in Deutsche Solar that a party may not assert an antitrust defense to a contract claim if the defense is contingent on facts such as whether "Hemlock's market conduct transgresses certain . . . market conditions." Deutsche Solar at *11 (citing National Souvenir Ctr., Inc. v. Historic Figures, Inc., 728 F.2d 503 (D.C. Cir. 1984)). As this Court explained, National Souvenir holds that a defendant is not permitted to assert a defense alleging a "contingen[t]" violation of the antitrust laws in a breach-of-contract action. Id. at *12 (citing National Souvenir, 728 F.2d at 515-16). "'The complexity of proof and speculative nature of [such] defenses . . . [place them] clearly within the ambit of disfavor for such defenses articulated in Kosuga.'" Id. at *11 (quoting National Souvenir, 728 F.2d at 515-16).

Kyocera alleges in its Counterclaims that certain unspecified terms of the Agreements are "unilaterally disadvantageous" to Kyocera and violate the "public order and morals" of Japan. Counterclaims ¶ 111. While it is impossible to ascertain the exact nature of Kyocera's Japanese antitrust defense based on these scant, vague allegations, to the extent that the defense relies upon an allegation that

terms of the Agreements are "unilaterally disadvantageous" to Kyocera based on what is appropriate pursuant to typical market practices, this would require complex, historical inquiries into the relevant polysilicon and solar energy markets.

These are precisely the types of questions that courts "disfavor," because they "involve the courts in a prolonged controversy" over whether the provisions violate the antitrust laws "due to the seller's market power." National Souvenir, 728 F.2d at 516. Therefore, the question of whether the Agreements contain provisions that violate Japanese antitrust law turns on "the exact type of 'complex proof of monopoly power' that National Souvenir held to be outside the narrow exception to Kosuga." Deutsche Solar at *11.

## CONCLUSION

For the reasons and upon the authority stated above, the Court should strike Kyocera's Tenth Affirmative Defense.

Dated: August 3, 2015

By: _s/ Craig W. Horn_

BRAUN, KENDRICK, FINKBEINER, PLC
    Craig W. Horn (P34281)
    4301 Fashion Square Boulevard
    Saginaw, Michigan 48603
    (989) 498-2100
    crahor@BraunKendrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
    J. Peter Coll, Jr.
    John Ansbro
    Alvin Lee
    Thomas N. Kidera
    51 West 52nd Street
    New York, New York 10019
    Telephone: (212) 506-5000
    Facsimile: (212) 506-5151
    pcoll@orrick.com
    jansbro@orrick.com
    alee@orrick.com
    tkidera@orrick.com

*Attorneys for Hemlock Semiconductor Corporation*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>KYOCERA CORPORATION,<br><br>      Defendant. | Case No. 15-CV-11236 (TLL)<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |
| KYOCERA CORPORATION,<br><br>      Counterclaimant,<br><br>v.<br><br>HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>      Counterdefendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, I electronically filed the foregoing Plaintiff's Motion to Strike Defendant Kyocera Corporation's Japanese Antitrust Defense and Plaintiff Hemlock Semiconductor Corporation's Memorandum of Law in Support of Its Motion to Strike Defendant Kyocera Corporation's Japanese Antitrust Defense with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                By: s/Teresa M. Mielke
                      Braun Kendrick Finkbeiner P.L.C.
                      Legal Secretary
                      4301 Fashion Square Boulevard
                      Saginaw, Michigan 48603
                      989-498-2100
                      termie@bkf-law.com

{S1254569.DOCX.1}