**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

HEMLOCK SEMICONDUCTOR CORPORATION,

*Plaintiff*,

v.

KYOCERA CORPORATION,

*Defendant*.

KYOCERA CORPORATION,

Counterclaimant,

v.

HEMLOCK SEMICONDUCTOR CORPORATION,

Counterdefendant.

Case No. 15-CV-11236-TLL

Hon. Thomas L. Ludington

**PLAINTIFF HEMLOCK SEMICONDUCTOR CORPORATION'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO STRIKE DEFENDANT KYOCERA CORPORATION'S AFFIRMATIVE DEFENSE BASED ON JAPANESE ANTITRUST LAW**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

I. KYOCERA POINTS TO NO CONTRACT PROVISIONS THAT SAVE ITS JAPANESE ANTITRUST DEFENSE FROM THIS COURT'S RECENT STRIKING OF AN IDENTICAL DEFENSE IN DEUTSCHE SOLAR .......... 3

II. IN ADDITION TO BEING IRRELEVANT TO THE MOTION BEFORE THE COURT, KYOCERA'S "REQUEST" FOR "INTERNATIONAL ABSTENTION" IS BARRED BY SIXTH CIRCUIT PRECEDENT .......... 4

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Cases**

Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.,
556 F.3d 459 (6th Cir. 2009) ....................5, 6, 7

Colorado River Water Conservation Dist. v. U.S.,
424 U.S. 800 (1976)....................5

E&J Gallo Winery v. Andina Licores S.A.,
446 F.3d 984 (9th Cir. 2006) ....................6

Hemlock Semiconductor Corp. v. Deutsche Solar GmbH,
No. 13-11037, 2015 WL 4476327 (E.D. Mich. May 7, 2015)....................1, 2, 3, 4

Kelly v. Kosuga,
358 U.S. 516 (1959)....................1, 4

National Souvenir Ctr., Inc. v. Historic Figures, Inc.,
728 F.2d 503 (D.C. Cir. 1984)....................1, 4

**Rules**

Local Rule 7.1(d) ....................2

Local Rule 7.1(e)(1) and (2) ....................1

Plaintiff Hemlock Semiconductor Corporation ("Hemlock") respectfully submits this Reply in further support of its Motion to Strike Defendant Kyocera Corporation's ("Kyocera") Tenth Affirmative Defense based on Japanese antitrust law.[1]

## PRELIMINARY STATEMENT

Kyocera does not and cannot answer the sole question before this Court: does Kyocera's Japanese antitrust defense allege that any of the contract provisions Hemlock seeks to enforce (i) violate antitrust laws on their face; or (ii) act as mechanisms to enforce related provision that do? See Hemlock Semiconductor Corp. v. Deutsche Solar GmbH, No. 13-11037, 2015 WL 4476327 at *8 – 12 (E.D. Mich. May 7, 2015) (following Kelly v. Kosuga, 358 U.S. 516 (1959) and National Souvenir Ctr., Inc. v. Historic Figures, Inc., 728 F.2d 503 (D.C. Cir. 1984)). Despite an alleged expert affidavit on Japanese antitrust law along with lengthy summaries of that law, neither Kyocera's pleading nor its opposition papers ever specifically claim that any Supply Agreement provisions sought to be enforced constitute per se violations of Japanese Antitrust law, or operate as mechanisms to enforce such violations. This Court's decision striking an identical defense in Deutsche Solar is thus dispositive.

[1] Kyocera's opposition to Hemlock's motion was untimely and should not be considered by the Court. Hemlock's 12(f) motion to strike Kyocera's Japanese Antitrust defense is not a dispositive motion and Kyocera's response should have filed "within 14 days after service of the motion." See Local Rule 7.1(e)(1) and (2). Hemlock's 12(f) motion was filed on August 3, 2015. Kyocera's opposition was filed 24 days later on August 27, 2015.

Kyocera does two things in an attempt to get around Deutsche Solar. It fabricates terms in the agreements that do not exist. And it makes an informal "request" that the Court postpone dismissal of its Japanese Antitrust defense until the resolution of a separate proceeding that Kyocera filed in the Tokyo District Court two days after Hemlock commenced this action.[2]

The closest Kyocera comes to articulating any alleged illegality is a remarkable statement that the Supply Agreements "require Kyocera to pay a penalty if Kyocera selects any supplier other than Hemlock" such that "a decision to choose a supplier other than Hemlock requires Kyocera to pay Hemlock more than $1 billion in accelerated 'damages.'" Opp. at 13. This is a flat misrepresentation. Nothing in Supply Agreements I-III restricts Kyocera from purchasing polysilicon from any of Hemlock's competitors, and nothing in the Supply Agreements calls for damages if Kyocera purchases polysilicon from others. For ten years Kyocera has been free to purchase, has purchased, and continues to purchase polysilicon from other suppliers. Tellingly, Kyocera's statement is without citation to any contract provision—as none exist.

Kyocera's other attempt to evade Deutsche Solar comes by way of a lengthy plea to stay its own affirmative defense under the doctrine of international

---

[2] Under this Courts Motion Practice Guidelines Rule 8, Kyocera's "request" is improper: "E.D. Mich. LR 7.1(d) requires motions and responses to be accompanied by a separate brief. Motions may not be included within or appended to a response or a reply, and under no circumstances may a motion be included within the text or footnotes of another motion."

abstention, but the plea for abstention is irrelevant and nonetheless barred by Sixth Circuit authority.

## ARGUMENT

### I. KYOCERA POINTS TO NO CONTRACT PROVISIONS THAT SAVE ITS JAPANESE ANTITRUST DEFENSE FROM THIS COURT'S RECENT STRIKING OF AN IDENTICAL DEFENSE IN DEUTSCHE SOLAR

Four months ago this Court struck an affirmative defense rooted in foreign antitrust law in Hemlock Semiconductor Corp. v. Deutsche Solar GmbH, holding that that defense was unavailable in a straightforward contract-enforcement action. See Deutsche Solar, 2015 WL 4476327 at *14. Kyocera's affirmative defense here is identical to the one struck by this Court in Deutsche Solar, but for substitution of the word "Japanese" for the words "European Union." Where a party purports to raise "antitrust-based illegality" as a defense to a contract enforcement action it must show that the provisions being enforced are either (i) themselves facial violations of the antitrust law; or (ii) mechanisms to enforce other provisions that facially violate the law. Kyocera does not even undertake to meet this burden, and its defense must be struck accordingly.

## II. IN ADDITION TO BEING IRRELEVANT TO THE MOTION BEFORE THE COURT, KYOCERA'S "REQUEST" FOR "INTERNATIONAL ABSTENTION" IS BARRED BY SIXTH CIRCUIT PRECEDENT

Rather than contend with the law that plainly bars its defense, Kyocera tries to distinguish Deutsche Solar, arguing that, unlike Deutsche Solar, "Kyocera is not asking this Court to adjudicate its foreign-law antitrust claim." Opp. at 9. As a threshold matter, this is simply wrong: Kyocera has interposed an affirmative defense (and corresponding counterclaim) based on Japanese antitrust law. Nowhere does Kyocera's answer or antitrust defense suggest that it is not asking for precisely what it says: a ruling by this Court applying Japanese antitrust law.

In addition to being untrue, Kyocera's abstention argument is fundamentally misplaced. The applicable U.S. Supreme Court precedents that this Court relied on in Deutsche Solar (i.e., Kelly, Kaiser Steel and National Souvenir) are non-discretionary. The holding of these cases cannot, as Kyocera would have it, be ignored under the pretense of abstention. Indeed, Kyocera spends seven pages without ever addressing their core requirements, instead making vague arguments about how the alleged "policy" considerations underlying those decisions somehow support—not dismissal—but abstention. This simply misses the point.

Finally, even if Kyocera's "request" for a stay distinguished its case from Deutsche Solar and were relevant to this Court's consideration of Hemlock's motion—it does not and is not—that request should nonetheless be denied.

International abstention is "the exception, not the rule . . . an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd., 556 F.3d 459, 467 (6th Cir. 2009) (quoting Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 813 (1976)).

Employing the Colorado River test,[3] the Sixth Circuit has stated that the factors to be considered in deciding whether to abstain in favor of a parallel international proceeding are (i) "whether there exists a 'clear federal policy evinc[ing]…the avoidance of piecemeal adjudication,'" (ii) "how far the parallel proceeding has advanced in the other sovereign's courts"; (iii) "the number of defendants and the complexity of the proceeding"; (iv) "the convenience of the parties"; and (v) "whether a sovereign government is participating in the suit." Genesis 556 F.3d at 467 (quoting Colorado, 424 U.S. at 819).

The Sixth Circuit in Genesis declined to exercise international abstention because: (i) the Federal interest in upholding an agreed-upon arbitration provision outweighed any competing interest in avoiding piecemeal adjudication; (ii) "[t]he Australian proceeding [was] only in its initial stages, and the Australian courts

[3] Acknowledging that controlling Sixth Circuit law is against it, Kyocera ignores controlling precedent and instead borrows from the law of the more agreeable 11th Circuit to make its plea for international abstention. See Opp. at 17, fn. 13 (discussing Genesis). But the Sixth Circuit has expressly considered following Turner Enter. Co. v. Degeto Film GmbH, 25 F.3d 1512 (11th Cir. 1994), before explicitly rejecting that framework in favor of a contrasting test set forth by the Supreme Court in Colorado River.

ha[d] yet to consider AIG's jurisdictional and venue defenses"; (iii) "[b]ecause one group of witnesses [was] in Australia and another separate group [was] in Kentucky" rendering either forum "inconvenient for half of the parties such that th[at] factor [wa]s a draw"; (iv) "the issues raised by the parties involve[d] the interpretation of a half-century-old Convention whose terms are largely unambiguous"; and (v) "no sovereign [wa]s participating in the[] proceedings." Genesis, 556 F.3d at 467-69.

The same factors require that this Court likewise refrain from abstention, and strike Kyocera's Japanese Antitrust defense: (i) as in Genesis, a Federal policy favoring the enforcement of the express agreements of parties (here, a forum selection clause), outweighs any competing interest in avoiding piecemeal litigation. See e.g., E&J Gallo Winery v. Andina Licores S.A., 446 F.3d 984 (9th Cir. 2006); (ii) as in Genesis, the Japanese proceeding is still in its infancy, as Hemlock has not yet answered Kyocera's complaint and thus the Tokyo District Court has yet to hear any of Hemlock's arguments regarding jurisdiction and/or venue; (iii) as in Genesis, half of the witnesses for this litigation live in the U.S. and the other half live abroad; (iv) as in Genesis, the case before this Court is a simple breach of contract dispute between two private litigants; and (v) as in Genesis, no sovereign is participating in the proceedings. This is not a close case. There is simply no legitimate justification for this Court to exercise "an

extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Genesis 556 F.3d at 467.

## CONCLUSION

For the reasons and upon the authority stated above, the Court should strike Kyocera's Tenth Affirmative Defense.

Dated: September 8, 2015 By: s/Alvin Lee

ORRICK, HERRINGTON & SUTCLIFFE LLP
J. Peter Coll, Jr.
John Ansbro
Alvin Lee
Thomas N. Kidera
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
alee@orrick.com

BRAUN, KENDRICK, FINKBEINER, PLC
Craig W. Horn (P34281)
4301 Fashion Square Boulevard
Saginaw, Michigan 48603
(989) 498-2100
crahor@BraunKendrick.com

*Attorneys for Hemlock Semiconductor Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2015, I electronically filed the foregoing Reply in Further Support of Plaintiff Hemlock Semiconductor Corporation's Motion to Strike Defendant Kyocera Corporation's Affirmative Defense Based on Japanese Antitrust Law with the Clerk of the Court for the United States District Court for the Eastern District of Michigan using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: s/Alvin Lee

ORRICK, HERRINGTON &
SUTCLIFFE LLP
Alvin Lee
51 West 52nd Street
New York, NY 10019
T: 212-506-5000
alee@orrick.com