UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUTOR CORPORATION,

        Plaintiff,                         Case No. 15-cv-11236

v                                            Honorable Thomas L. Ludington

KYOCERA CORPORATION,

        Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE CASES

On August 31, 2015, Defendant Kyocera Corporation filed a motion to consolidate this action and *Hemlock v. Deutsche Solar GmbH.,* Case No. 13-cv-11037 ("*Deutsche Solar*") under Federal Rule of Civil Procedure 42(a) with respect to discovery, summary judgment, and trial on, at least, select affirmative defenses. ECF No. 35. Defendant then requests to bifurcate the action pursuant to Federal Rule of Civil Procedure 42(b), trying the select affirmative defenses first. ECF No. 35. Because consolidation at this juncture would lead to a high risk of confusion and possibly prejudice without conserving time or resources, and because there is little risk of inconsistent adjudications, Defendant's motion will be denied.

**I**.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court may order consolidation of actions involving "a common question of law or fact…." Fed. R. Civ. P. 42(a). The purpose of consolidation is to "administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1180 (6th Cir.1992) (internal quotations omitted). In deciding whether to consolidate cases, Courts should thoughtfully consider

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir.1993) (internal citation and quotations marks omitted).  Furthermore, under Federal Rule of Civil Procedure 1, the Rules should be "construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  Where "individual issues predominate, consolidation should be denied." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011).

    Here, granting Defendant's request would increase the risks of prejudice and confusion without promoting efficiency.  The fact that Defendant Kyocera and Deutsche Solar entered into similar contracts with Hemlock that were similarly affected by outside market forces does not in itself make the cases sufficiently similar to warrant docket consolidation at this time.  As Plaintiff Hemlock emphasizes in its response, the cases contain a great deal of factual and legal differences.  In addition to containing different parties, the substantive postures are different and the parties have sought different relief.

    First, the cases are factually distinct.  Hemlock terminated its contract with Deutsche Solar over two years ago and now seeks damages.  In contrast, the contract between Hemlock and Kyocera has not yet terminated.  The circumstances leading to both the formation and the breakdown of the contractual relationships involved different negotiations and different timelines, and thus will likely require different discovery.

    The cases are also legally distinct. Kyocera and Deutsche Solar rely on different defense theories. Kyocera raises a number of defenses Deutsche Solar has not raised. Kyocera has also brought counterclaims against Hemlock that Deutsche Solar has not.  Moreover, the cases are at

completely different stages of litigation. *Deutsche Solar* was filed over two years ago on March 7, 2013. *See* Pl.'s Compl., ECF No 1 in Case No. 13-11037. Discovery in that case closed on May 29, 2015. *See* May 7, 2015 Text Order in Case No. 13-11037. In contrast, the present matter was not filed until April 1, 2015. Discovery has just begun, and is not set to close until April 5, 2016. ECF No. 26.

**II.**

Accordingly, it is **ORDERED** that Defendant Kyocera Corporation's Motion to Consolidate Cases, ECF No. 35, is **DENIED**.

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

Dated: October 9, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 9, 2015.

          s/Suzanne Gammon
          SUZANNE GAMMON
          Deputy Clerk