# EXHIBIT 7

KeyCite Yellow Flag - Negative Treatment
**Distinguished by** [Capital Ventures Intern. v. J.P. Morgan Mortg. Acquisition Corp.,](#) D.Mass., April 14, 2014

2011 WL 4965179
Only the Westlaw citation is currently available.
United States District Court, W.D. North Carolina,
Asheville Division.

May K. BENNETT, Plaintiff,
v.
SEGWAY, INC. and Electric Avenue, Inc., Defendants.

No. 1:11cv09.
|
Oct. 19, 2011.

**Attorneys and Law Firms**

[Michael W. Patrick](#), Law Office of Michael W. Patrick, Chapel Hill, NC, for Plaintiff.

[Alex John Hagan](#), [Paul K. Sun, Jr.](#), Ellis & Winters, LLP, Raleigh, NC, Jeremy Michael Falcone, Ellis & Winters, LLP, Cary, NC, [J. Donald Cowan, Jr.](#), Ellis & Winters LLP, Greensboro, NC, [Gloria T. Becker](#), Batten Lee, Cary, NC, for Defendants.

### ORDER

[DENNIS HOWELL](#), United States Magistrate Judge.

**\*1** Pending before the Court is the Plaintiff's Motion to Compel [# 35]. Plaintiff brought this action against Defendants asserting claims for negligence and breach of implied warranty of fitness and merchantability. Plaintiff now moves to compel Defendant Segway, Inc. ("Defendant") to produce documents responsive to her First Request for Production of Documents. The Court **GRANTS** the motion [# 35].

### I. Background

Plaintiff brought this action against Defendants after she was thrown off the first generation Segway XT she was operating at the North Carolina Arboretum. Plaintiff contends that she was operating the Segway in accordance with the instructions she received at the Arboretum when "the device suddenly stopped and, without warning, threw [her] off the machine, causing her to strike her leg and hip and body against the pathway." (Pl.'s Compl. ¶ 6.) She further alleges that she [fractured her hip](#) and leg in the fall. (*Id.*) Plaintiff contends that the Segway she was operating was defectively designed and brought this action asserting claims for negligence and breach of implied warranty of fitness and merchantability.

After bringing this action, Plaintiff served Defendant with her First Requests for Production of Documents. Request No. 57 requested Defendant to produce:

> All deposition transcripts and copies of trial testimony for Gerald Rigdon, David Robinson, John Morrell, Mike Gansler, Douglas Field, Jane Davison, and Dean Kamen that relate to any personal injury action.

(Pl.'s First Request for Production of Documents (Pl.'s Request") at p. 20.) Defendant offered several objections to this request, including that most, if not all, of the requested deposition transcripts are subject to Confidentiality Agreements and Protective Orders from other cases. (Def.'s Resp. to Pl.'s First Request for Production of Documents ("Def.'s Resp.") at p. 57.)

In Request No. 2, Plaintiff requested that Defendant produce:

> All documents which relate to or concern, in any manner any complaints, claims, or accident or incident reports regarding any accident to or injury suffered by any person while using any Segway manufactured, produced, or sold by you regardless of place where the system was used. This request includes, but is not limited to those incidents listed in Exhibit A hereto.

(Pl.'s Request at p. 3.) Defendant offered a number of objections to this requests. (Def.'s Resp. at p. 2.)

Plaintiff's Request No. 11 sought the production of:

> Any and all incident reports or accident reports, lawsuit complaint, or any other report, memoranda, notation, or study concerning or regarding any injuries which involve

in any way any Segway regardless of where located or installed. This request includes but is not limited to those incidents listed in Exhibit A hereto.

(Pl.'s Request. at pp. 5–6.) Again, Defendant objected to this request on several grounds. (Def.'s Resp. at p. 5.) Defendant, however, agreed to produce limited documents responsive to the request upon the entry of a protective order by the Court. (*Id.* at p. 4–5.)

 **\*2** After a series of discussions between the parties over these three requests and the limited documents produced by Defendant in response to the requests, Plaintiff filed a motion to compel the production of all responsive documents. Plaintiff's motion is now properly before the Court.

**II. Legal Standard**
Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed.R.Civ.P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit ... have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion ." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C.2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C.2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

**III. Analysis**
Plaintiff moves to compel Defendant Segway to produce two categories of documents. First, Plaintiff moves to compel the production of all trial and deposition transcripts of the individuals specified in Request No. 57. Second, Plaintiff moves to compel Defendant to produce copies of all documents related to prior complaint of accidents involving a Segway received by Defendant, as well as the documents related to the investigation of these claims.

**A. Documents Related to Prior Accidents Involving a Segway**
Plaintiff moves to compel Defendant Segway to produce all documents related to prior complaints of incidents or accidents involving a Segway. Defendant, however, contends that these documents are not relevant because the prior accidents and incidents at issue did not occur under substantially similar conditions.

As a threshold matter, Defendant misstates the applicable standard for determining whether the documents at issue are subject to discovery. The cases from this Circuit cited by Defendant address whether to admit evidence of other accidents at trial, not whether the documents are relevant for purposes of discovery. *See e.g.,* Benedi v. McNeil–P.P.C., Inc., 66 F.3d 1378, 1386 (4th Cir.1995); Mirchandani v. Home Depot USA, Inc., 470 F.Supp.2d 579, 583 (D.Md.2007); Buckman v. Bombardier Corp., 893 F.Supp. 547, 552 (E.D.N.C.1995). [1] As the district court explained in *Buckman:*

[1] Defendant also cites the unpublished case Pugh v. Louisville Ladder, Inc., 361 F. App'x 448, 450 (4th Cir.2010), for the proposition that Plaintiff must set forth the similarity between the various models of Segways prior to allowing discovery. The quoted portion of this case, however, is from the Fourth Circuit's summary of the ruling of the district court regarding the testimony of the plaintiff's expert witness. Pugh, 361 F. App'x at 450. Aside from the fact that the district court's ruling addressed the scope of the testimony of an expert, not discovery, the Fourth Circuit did not even address this issue on appeal because plaintiff did not appeal the district court's ruling to limit the testimony of his experts. *Id.* at 451. The Court will give Defendant the benefit of the doubt regarding this citation and assume that Defendant was not attempting to mislead the Court. Going forward, however, the Court will strike any pleadings by Defendant that contain such inaccurate or misleading citations.

Evidence of other accidents is highly prejudicial. Therefore, it is well settled that, before evidence of other accidents can be admitted into evidence, plaintiff must present a factual foundation for the court to determine

that the other accidents were "substantially similar" to the accident at issue.

**\*3** 893 F.Supp. at 552. Thus, because of the highly prejudicial nature of evidence of other accidents, a plaintiff seeking to introduce this evidence at trial must show that the other accidents are substantially similar to the accident that caused the plaintiff's injury. *Id.*

The same concerns regarding the prejudicial nature of the evidence, however, is not present during discovery. Instead, the question is whether the evidence of other accidents is relevant to Plaintiff's claims. Fed.R.Civ.P. 26(b)(1). It does not matter that the evidence may not ultimately be admissible at trial, provided that the "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Documents related to prior complaints of incidents or accidents involving a Segway, as well as documents related to Defendant's investigation of these complaints is relevant to Plaintiff's claim that the Segway she was operating when the accident occurred was defectively designed. Moreover, Defendant may not limit discovery to complaints involving the Segway XT Generation 1 vehicle.[2] Finally, Defendant has not shown that the production of the documents at issue would be unduly burdensome or expensive. *See* Fed.R.Civ.P. 26(b)(C)(iii). Accordingly, the Court **GRANTS** the Motion to Compel as to Requests No. 2 & 11.

[2] Again, Defendant relies on cases addressing whether such evidence is admissible at trial, not whether it is relevant for purposes of discovery. *See e.g., Lovett v. Union Pac. R.R. Co.,* 201 F.3d 1074 (8th Cir.2000) (holding that district court did not abuse it discretion by excluding evidence of similar incidents at trial); *Rodriguez v. Crown Equip. Corp.,* 923 F.2d 416 (5th Cir.1991) (finding that the record contained no proof that the accidents were substantially similar and, thus, issue of whether or not district court erred in excluding evidence was not preserved for appeal); *Bado–Santana v. Ford Motor Co.,* 482 F.Supp.2d 197 (D.P.R.2007).

**B. The Deposition and Trial Transcripts**

Plaintiff also seeks copies of all deposition transcripts and copies of trial testimony for specified employees of Defendant Segway, relating to any personal injury action. Defendant contends that the Court should limit the production "to testimony in actions involving allegations that a first generation Segway stopped suddenly and threw the complainant off, while the complainant was proceeding slowly outdoors." (Def.'s Resp. at pp. 15–16.) In addition, Defendant contends that most or all of these transcripts are subject to protective orders that were entered in the courts where these prior cases were pending, and, therefore, the transcripts may not be produced to Plaintiff without violating a court order. (*Id.* at 16.)

Like the discovery related to prior complaints of accidents or incidents involving a Segway, Defendant's attempts to narrow the scope of discovery is misplaced. Although much of this evidence may not be admissible at trial, the transcripts are relevant to Plaintiff's claims and, therefore, discoverable. Accordingly, the Court **GRANTS** the Motion to Compel as to Request No. 57. Defendant Segway shall produce all deposition transcripts and copies of trial testimony for Gerald Rigdon, David Robinson, John Morrell, Mike Gansler, Douglas Field, Jane Davison, and Dean Kamen that relate to any personal injury action stemming from the operation or use of a Segway. To the extent that any of these transcripts are subject to a protective order in place in another court, the Court **DIRECTS** Defendant to provide Plaintiff with a privilege log setting forth the transcript that is responsive to the discovery requests and the specific portion of the protective order that prohibits its disclosure. In addition, Defendant shall provide a copy of the entire protective order to Plaintiff. Plaintiff may then seek an Order from the Court where the protective order is in place or an appropriate Order from this Court. The Court **INSTRUCTS** Defendant that if the Court later determines that it withheld a transcript from Plaintiff without a reasonable basis, the Court will consider appropriate sanctions against both Defendant and/or its attorneys.

**IV. Conclusion**

**\*4** The Court **GRANTS** Plaintiff's Motion to Compel [# 35]. Consistent with this Order, Defendant shall produce within twenty (20) days of the entry of this Order all documents of prior complaints of incidents or accidents involving a Segway, as well as documents related to Defendant's investigation of these complaints. In addition, Defendant shall produce within twenty (20) days of the entry of this Order all deposition transcripts and copies of trial testimony for Gerald Rigdon, David Robinson, John Morrell, Mike Gansler, Douglas Field, Jane Davison, and Dean Kamen that relate to any personal injury action stemming from the operation or use of a Segway. To the extent the transcripts are subject to a protective order, the Court **DIRECTS** Defendant to produce a privilege log and the relevant protective orders to Plaintiff within twenty (20) days of the entry of this Order. Finally,

the Court **INSTRUCTS** Defendant that if the Court later determines that it withheld a transcript from Plaintiff without a reasonable basis, the Court will consider the appropriate sanctions against both Defendant and/or its attorneys.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 4965179

---

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.