# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>KYOCERA CORPORATION,<br><br>        Defendant.<br><br>KYOCERA CORPORATION<br><br>        Counterclaimant,<br><br>  v.<br><br>HEMLOCK SEMICONDUCTOR CORPORATION,<br><br>        Counterdefendant. | Case No. 15-CV-11236 (TLL) (PTM)<br><br>Honorable Thomas L. Ludington |

## KYOCERA CORPORATION'S STATEMENT FOR MARCH 9, 2016 STATUS CONFERENCE

29878313.1

Defendant and Counterclaimant Kyocera Corporation ("Kyocera") submits the following Statement in advance of the March 9, 2016 Status Conference.

I.   **BACKGROUND AND ISSUES FOR STATUS CONFERENCE**

This action (Action #1) involves three agreements, referred to as Agreements I, II, and III, under which Hemlock Semiconductor Corporation ("Hemlock") agreed to supply Kyocera with polysilicon—a critical raw material for manufacturing photovoltaic cells used in solar panels.  Kyocera and Hemlock entered into these three agreements in 2005, 2006, and 2007, respectively.  Each is a long-term supply agreement under which Kyocera agreed to buy certain quantities of polysilicon each year for ten years at set prices and under which Kyocera made substantial advance payments to Hemlock.  Each contract includes a "take or pay" provision, that purports to require Kyocera to pay the entire purchase price for large quantities of polysilicon even if it does not order or receive the polysilicon, and even if Hemlock does not produce or incur the costs of producing that polysilicon.

This case is closely related to another action pending before this Court involving the same parties, *Hemlock Semiconductor, LLC v. Kyocera Corporation*, No. 16-CV-10376 (TLL) (PTM) ( "Action #2").  Action #2 involves a fourth agreement, from 2008, which the parties call Agreement IV.  Like Agreements I-III, Agreement IV requires Hemlock Semiconductor, LLC, a subsidiary of

Hemlock Semiconductor Corporation (collectively, "Hemlock"), to supply Kyocera with polysilicon. Although Agreement IV differs in some significant respects from Agreements I-III, it also is a 10-year purported "take-or-pay" agreement. The parties have jointly moved to consolidate Action #2 with Action #1.

A key issue in both actions will be the enforceability of the "take-or-pay" provisions. Such provisions are enforceable only in very unusual circumstances. To be enforceable, the two "alternative" performance options—here, (a) paying for and receiving the polysilicon or (b) paying for the polysilicon but not receiving it—must present "a real option," that is, it must be "that at the time fixed for performance, either alternative might prove the more desirable." 14 WILLISTON ON CONTRACTS § 42:10 (4th ed. 2010).[1] For example, courts have sometimes enforced alternative performance contracts where the contract gives a choice between paying for and receiving the product now and paying for the product and receiving the right to take delivery of it in the future. As the evidence will demonstrate, the agreements here do not provide two "real options" because there is no situation in which paying millions of dollars for polysilicon but receiving

---

[1] *See also Superfos Invs. Ltd. v. FirstMiss Fertilizer, Inc.*, 821 F. Supp. 432, 433 (S.D. Miss. 1993) (finding a take-or-pay contract to be unenforceable).

nothing in return would be more desirable than paying the same amount and receiving the goods in exchange.

When a "take-or-pay" agreement does not provide real alternative performance options, the "pay option" is deemed to be a liquidated damages provision. RESTATEMENT (SECOND) OF CONTRACTS § 356 cmt. c (courts will not enforce an alternative performance contract that is an "attempt to disguise a provision for a penalty" that could not be enforced as a liquidated damages clause). Under well-established Michigan law, a liquidated damages clause cannot be enforced when it does not reasonably reflect the actual harm from a breach of contract. *See* MCL § 440.2718(1) ("A term fixing unreasonably large liquidated damages is void as a penalty."). Here, awarding the full purchase price to Hemlock without requiring it to supply even an ounce of polysilicon would hand Hemlock a windfall untethered to its actual harm from any failure by Kyocera to order polysilicon.

On March 4, 2016, the parties submitted to the Court a Stipulation and Proposed Order of Consolidation reflecting the parties' desire to file consolidated amended pleadings that supersede all pleadings previously filed in this Action #1 regarding Agreements I-III and Action #2 regarding Agreement IV. The parties stipulated that Hemlock shall file a consolidated amended complaint in the consolidated action on or before March 18, 2016, and Kyocera shall file a

consolidated responsive pleading on or before April 8, 2016. The upcoming March 9, 2016, status conference presents an opportunity for the Court and the parties to come to ground on a case schedule for such a consolidated action, including expert disclosures, discovery cut-off dates, and a trial date.

## II. DAMAGES IS A KEY ISSUE IN THE LITIGATION

By way of background, Kyocera has declined to order polysilicon from Hemlock because the market for polysilicon has been upended such that it would be impossible for Kyocera to do so on the schedule provided in the agreements and remain in the solar manufacturing market. Even if Kyocera were found in breach of Agreements I-IV, and its performance not deemed deferred or temporarily excused by virtue of its affirmative defenses,[2] a critical issue in this case remains: the amount of damages allegedly incurred by Hemlock.

---

[2] Kyocera has asserted various affirmative defenses, including the defenses of impracticability and frustration of purpose as a result of the trade war instigated by illegal actions of the Chinese government that cut the price of polysilicon by more than two-thirds. Simply deferring Kyocera's performance until the effects of the trade war dissipate would resolve the present impracticability of Kyocera's performance under the contracts, and enable Kyocera to remain in the solar market. Kyocera initially responded to China's illegal acts and the trade war by invoking the *force majeure* provision in Agreement IV. When Hemlock refused to accept Kyocera's position, Kyocera sought a declaratory judgment regarding *force majeure* in Saginaw County Circuit Court. The court granted Hemlock's motion for summary disposition, the Court of Appeals affirmed, and a petition for review is pending before the Michigan Supreme Court.

Hemlock has taken the position that Kyocera must continue to pay the full purchase price for large quantities of polysilicon even if Kyocera does not receive any polysilicon and thereby spares Hemlock all of the production costs contemplated in Agreements I-IV.  Specifically, on January 1, 2016, Hemlock demanded $181,578,300 from Kyocera—$30,283,500 under Agreement I; $17,587,200 under Agreement II; $39,398,400 under Agreement III; and $94,309,200 under Agreement IV—because Kyocera "fail[ed] to order or take delivery" of any polysilicon in 2015.  That is, Hemlock asserted a right to be paid the full purchase price of more than $181 million even though Kyocera did not receive, and Hemlock did not deliver, any polysilicon.  And Hemlock also appears to contend that the agreements do not afford Kyocera the right to take delivery in the future of the polysilicon for which Hemlock is demanding payment.  The take-or-pay provision thus operates as a liquidated damages clause, and one that is unhinged from Hemlock's actual damages.

Hemlock followed its demands for full payment for the non-delivered 2015 volume of polysilicon with another set of letters on February 16, 2016, expressing Hemlock's view that Kyocera "is now in default of its obligation to pay the 2015 Take or Pay Payment."  The letters state that if Kyocera does not cure the default within 180 days, Hemlock will have the right to invoke an acceleration clause requiring Kyocera to pay immediately the full contract price for all of the

polysilicon scheduled for 2015, 2016, 2017, 2018, 2019, and 2020—approximately $2 billion in total—without receiving any of it.

Hemlock's apparent intent to terminate the agreements and demand liquidated damages for six years of undelivered polysilicon presents a second critical question in this case: whether Hemlock should be permitted to invoke the "acceleration" clause in Agreements I-IV to reap the full benefit of the contracts without needing to supply an ounce of polysilicon for the final six years on the contracts—resulting in a staggering profit for Hemlock, far beyond what Hemlock could have expected under the contracts if the parties had fully performed.

Kyocera raised this "acceleration" issue in an early motion for partial judgment on the pleadings filed September 15, 2015.  (Dkt. #38.)  Hemlock opposed the motion as unripe, arguing it had not yet terminated the agreements or demanded an accelerated payment.  (Dkt. #40.)  On January 6, 2016, this Court denied the motion without prejudice as unripe, indicating the issue could be raised "[i]f and when Hemlock seeks accelerated damages."  (Dkt. #61 at 34.)

Kyocera believes it to be self-evident that the full value of the contracts, extending to 2020, is not a reasonable estimate of Hemlock's damages and, like the single year take-or-pay provision, constitutes an unenforceable penalty. Determining Hemlock's *actual* damages from a single year or, in the event Hemlock elects to terminate Agreements I-IV, over the life of the contracts, will

require an evaluation of the costs avoided by Hemlock because Kyocera did not order polysilicon, and whether Hemlock acted reasonably to avoid such costs.

Kyocera anticipates that its amended consolidated answer may include counterclaims for affirmative relief concerning these issues—*i.e.,* the unenforceability of the take-or-pay provision as a penalty and the unenforceability of the acceleration clauses as penalty provisions untethered to any reasonable estimate of Hemlock's actual damages.[3]

### III. **PROPOSED SCHEDULE FOR CONSOLIDATED CASES**

The parties are currently discussing a schedule to govern the consolidated action on the expectation that the Court will enter the parties' proposed Order regarding consolidation of this Action #1 and Action #2. The parties' proposed Order, submitted to the Court on March 4, 2016, includes deadlines for Hemlock to

---

[3] As to the acceleration question, Kyocera believes that Hemlock's February 16, 2016 letters asserting its right to invoke the acceleration clauses, combined with the fact that Hemlock has terminated essentially identical agreements with other customers and sought acceleration, are more than sufficient to ripen the issue for adjudication. *E.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-137 (2007) (holding that licensee was not required "to break or terminate" licensing agreement in order to show a controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"). As noted above, Hemlock's letters recognize that the agreements all contain 180-day cure periods for Kyocera to place its 2015 orders for polysilicon, but Hemlock has claimed the right, upon the expiration of that period, to terminate and seek acceleration. Prospective relief is appropriate in such a situation where there exists a "substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (internal quotation marks omitted).

29878313.1         7

file a consolidated amended complaint on March 18, 2016, and for Kyocera to file a consolidated responsive pleading on April 8, 2016. The parties have not yet been able to reach agreement concerning further deadlines in the consolidated case. In the event the parties cannot reach agreement in advance of the March 9, 2016, Status Conference, Kyocera proposes the following schedule:

**Stipulated by the Parties**

**Deadline to file consolidated amended complaint:** March 18, 2016

**Deadline to file consolidated responsive pleading:** April 8, 2016

**Kyocera Proposed Deadlines**

**Deadline to file motion to dismiss counterclaims:** May 6, 2016

**Deadline to oppose motion to dismiss counterclaims:** June 3, 2016

**Deadline to file reply in support of motion to dismiss:** June 17, 2016

**Hemlock's deadline to serve expert disclosures:** August 5, 2016

**Kyocera's deadline to serve expert disclosures:** September 9, 2016

**Discovery cut-off:** October 7, 2016

**Deadline to challenge experts:** October 14, 2016

**Deadline to file dispositive motions:** October 28, 2016

**Deadline to oppose dispositive motions:** November 18, 2016

**Deadline to file replies i/s/o dispositive motions:** December 2, 2016

**Hearing on dispositive motions:** December 16, 2016

## IV.   DISCOVERY ISSUES

Kycoera has withdrawn a motion to compel discovery pending further meet and confer by the parties (Dkt. #45), but two discovery motions remain pending before this Court.

First, Kyocera's motion to compel production of deposition transcripts of Hemlock employees in the related GET and Deutsche Solar litigation (Dkt. #67) is now fully briefed. As explained in that briefing, the issues presented in the related cases are substantially the same as the issues here, production of the transcripts would impose no burden on Hemlock, and both GET and Deutsche Solar have *consented* to the production of the transcripts.

Second, Hemlock, on February 26, 2016, filed a motion for a protective order to limit discovery. (Dkt. #74.) Kyocera will be filing a response to that motion, but the bottom line is that the motion is unnecessary. Kyocera has withdrawn its prior motion to compel discovery related to the illegal Chinese intervention in the solar market and resultant trade war in light of this Court's dismissal of Kyocera's counterclaims related to the Chinese intervention. As explained in Kyocera's response to the motion for protective order, the Court should deny any request by Hemlock for some broader order limiting discovery that would prevent Kyocera from obtaining discovery relevant and necessary to its damages defenses or the enforceability of the take-or-pay or acceleration provision.

The key discovery that must proceed relates to damages and the enforceability of the take-or-pay and acceleration provisions. This discovery should not be burdensome. It would include discovery of the parties' expectations about, and the facts regarding, whether the "pay option" constituted a real performance option; what Hemlock's actual costs were at the time the contracts were formed, and what it expected its future costs would be; the amount of savings realized by Hemlock as a result of not delivering polysilicon; Hemlock's efforts to mitigate its losses; and related issues.

## V.   OTHER ISSUES

Kyocera has recently retained Munger, Tolles & Olson LLP to serve as counsel in this action and in Action #1. These attorneys have applied for admission to practice in this Court and will be filing notices of appearance in both Actions #1 and #2 in advance of the March 9, 2016 status conference scheduled in Action #1.

Dated: March 7, 2016        By:    s/David C. Doyle

    Gregory P. Stone
    Daniel B. Levin
    Erin J. Cox
    Bryan H. Heckenlively
    Emily Curran-Huberty
    MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
    Los Angeles, CA 90071
    Tel: (213) 683-9100
    gregory.stone@mto.com
    daniel.levin@mto.com
    erin.cox@mto.com
    bryan.heckenlively@mto.com
    emily.curran-huberty@mto.com
    (applications for admission forthcoming)

    David C. Doyle
    William V. O'Connor
    Christian G. Andreu-von Euw
    MORRISON & FOERSTER LLP
    12531 High Bluff Drive
    San Diego, CA  92130-2040
    Tel:  (858) 720-5100
    ddoyle@mofo.com
    woconnor@mofo.com
    christian@mofo.com

    Robert A. Hahn (P28193)
    JUNGERHELD, HAHN & WASHBURN, P.C.
    P.O. Box 6128
    Saginaw, MI  48608-6128
    Tel:  (989) 790-0000
    r.hahn@ameritech.net

    Keefe A. Brooks (P31680)
    BROOKS WILKINS SHARKEY & TURCO, PLLC
    401 S. Old Woodward, Suite 400
    Birmingham, MI 48009
    Tel:  (248) 971-1800
    brooks@bwst-law.com

29878313.1                                Attorneys for Defendant and
                                      Counterclaimant Kyocera Corporation

11

## CERTIFICATE OF SERVICE

I certify that on March 7, 2016, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                By:  s/David C. Doyle
                        David C. Doyle
                        DDoyle@mofo.com