# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION, | Case No. 15-CV-11236-TLL-PTM |
| *Plaintiff*, | |
| v. | Hon. Thomas L. Ludington |
| KYOCERA CORPORATION, | |
| *Defendant*. | |
| HEMLOCK SEMICONDUCTOR, LLC, | |
| *Plaintiff*, | |
| v. | |
| KYOCERA CORPORATION, | |
| *Defendant*. | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF**
**THEIR MOTION TO MODIFY THE PROTECTIVE ORDER**

Plaintiffs Hemlock Semiconductor Corporation and Hemlock Semiconductor LLC (together "Hemlock") respectfully submit this Reply brief in further support of their motion to modify the Protective Order, to permit them to use documents produced by Defendant Kyocera Corporation ("Kyocera") in this action as part of their defense against a related lawsuit that Kyocera filed against Hemlock in the Tokyo District Court.

## PRELIMINARY STATEMENT

Unsurprisingly (but tellingly), <u>nowhere</u> in Kyocera's 24-page opposition does it ever answer the one and only question pertinent to this motion: what (if any) harm to Kyocera's secrecy interests would be caused by Hemlock submitting Kyocera's own documents, under seal, to the Tokyo District Court in an action Kyocera chose to bring against Hemlock in that very court? Kyocera fails to identify any alleged harm. It never answers the question, because the answer is painfully obvious: <u>none</u>. Kyocera will suffer <u>no</u> harm to its secrecy interests. Under Sixth Circuit law, that ends the inquiry.

This motion does, however, pose a serious threat to Kyocera, but the harm has nothing to do with claimed confidentiality over 10-year-old documents about contract negotiation. The harm will be that the Tokyo court will get to see for itself the true facts which completely belie Kyocera's spurious allegations against Hemlock in Japan. <u>That</u> is the reason behind Kyocera's frantic 24-page non-

1

responsive opposition, in which Kyocera bobs and weaves, attempts to shift the burden, and ties itself into a knot saying anything it can think of to try and hide its own documents from the very court in which it chose to be a plaintiff. This Court should hear none of it.

Kyocera has no good-faith basis to oppose this motion, and the Court should grant it accordingly.

## ARGUMENT

### I. Kyocera Fails To Identify Any Harm To Its Secrecy Interests That Would Result From Hemlock's Proposed Modification

Kyocera completely ignores case law from both the Sixth Circuit and this Court making clear that the only question on a motion to modify a protective order is whether the proposed modification would harm the non-moving party's secrecy interests. See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc., 823 F.2d 159, 163 (6th Cir. 1987); Aetna Inc. v. Blue Cross Blue Shield of Michigan, No. 11-15346, 2015 WL 1499002, at *2 (E.D. Mich. Mar. 31, 2015); Kerasotes Michigan Theatres, Inc. v. Nat'l Amusements, Inc., 139 F.R.D. 102, 106 (E.D. Mich. 1991). Kyocera does concede that "[t]he central consideration governing a motion to modify a protective order is the need to balance the potential harm to the party seeking protection against the requesting party's need for the information." Opp. at 9 (internal quotation marks omitted). But Kyocera fails to meet even this standard, making zero effort to explain how submission of its own documents in

the antitrust action <u>it</u> chose to commence in the Tokyo District Court could possibly harm its secrecy interests.

The only thing Kyocera musters is that this Court has no jurisdiction over Japanese individuals, such that it cannot enforce the Protective Order if Hemlock's Japanese counsel or the Tokyo court should happen to violate it. <u>See</u> Opp. at 16-17. This does not answer the question and is truly grasping at straws—and, not surprisingly, is completely unsupported by any case law or authority.[1]

With no legitimate explanation as to how disclosure of its documents to the Tokyo court would harm its secrecy interests, Kyocera tries to shift the burden to Hemlock, arguing that Hemlock has failed to demonstrate "good cause" for its proposed modification. <u>See</u> Opp. at 9-10. Even if the Sixth Circuit required a showing of good cause to modify a protective order—which, pursuant to <u>Meyer Goldberg</u> and <u>Aetna</u>, it does not—Hemlock has demonstrated ample need for its proposed modification. Hemlock is defending itself against an antitrust lawsuit that Kyocera brought in Japan, and Kyocera has produced relevant documents in this litigation that disprove its Japanese allegations. For example, the Tokyo District Court has ordered Hemlock to submit evidence rebutting Kyocera's

---

[1] Kyocera also argues that it "relied" on the Protective Order in producing documents in a prompt and efficient manner, and that its "production process would have been considerably slower" if the Protective Order had not been in place. Opp. at 14. Even if true, this has absolutely no relevance to the question of whether submission to the Tokyo court of Kyocera's documents—which have <u>already been produced to Hemlock</u>—would harm Kyocera's secrecy interests.

3

assertion that it was forced into accepting the exclusive jurisdiction provisions in the parties' long-term supply agreements, and Hemlock has identified specific Kyocera-produced documents in this action that are crucial to such a rebuttal. Given that the two actions involve identical parties and facts, it is clear that Hemlock's continued defense against Kyocera's Japanese suit will require submission of Kyocera's documents to the Tokyo court.  Under these circumstances, Hemlock has demonstrated good cause.

## II.     Nothing In Kyocera's Opposition Changes The Sixth Circuit Standard Or Kyocera's Failure To Meet It

Recognizing that it faces an uphill battle in opposing Hemlock's motion, Kyocera beseeches the Court to assess a host of other miscellaneous factors, which have only been considered by district courts outside of this Circuit.  See Opp. at 9-10.  The Court should decline Kyocera's invitation to re-write Sixth Circuit law regarding modifications of protective orders.  And in any event, none of Kyocera's proposed factors changes the overriding fact that (a) Hemlock has demonstrated a need to modify the Protective Order; and (b) Kyocera has failed to demonstrate that Hemlock's proposed modification would cause any harm to Kyocera's secrecy interests.

Kyocera also argues that Hemlock's proposed modification is overbroad because it fails to identify specific documents that Hemlock wishes to submit to the Tokyo District Court.  See Opp. at 17-18, 23-24.  As an initial matter, Hemlock has

4

identified several specific documents that it needs to submit to the Tokyo court in the near future. See Mem. Of Law (Dkt. # 92-1) at 7. But more importantly, Kyocera's overbreadth argument is, again, not grounded in Sixth Circuit law, which only requires that the proposed modification not harm secrecy interests. Under this standard, the breadth of Hemlock's proposed modification does not matter: whether Hemlock is permitted to submit only a handful of Kyocera's documents to the Tokyo court or whether it is permitted to submit dozens, the harm to Kyocera's secrecy interests will be exactly the same—zero.[2]

In fact, Kyocera's overbreadth argument only reinforces that Kyocera is simply trying to keep from the Tokyo court documents at odds with its Japanese antitrust allegations. Instead of a commonsense modification of the Protective Order in this action, Kyocera seems to suggest that Hemlock should have to navigate Japan's restrictive discovery procedures and petition the Tokyo court—on a one-by-one basis—for piecemeal production of documents that Kyocera has already produced to Hemlock. Kyocera knows that this could hinder Hemlock's ability to defend itself effectively and efficiently in the Japanese action. But the

---

[2] In connection with this argument, Kyocera makes the bizarre claim that Hemlock's proposed modification would be "overly intrusive and burdensome" for Kyocera because Kyocera would be "forc[ed] . . . to review its entire production" in order "to determine whether Hemlock has any genuine need to introduce these documents" to the Tokyo court. Opp. at 23. Kyocera does not explain why it would have to re-review its document productions in connection with Hemlock's submission of Kyocera's documents to the Tokyo court.

5

Japanese antitrust action is a baseless attempt by Kyocera to avoid its contractual obligations to Hemlock, and it should not be permitted to impede Hemlock's ability to demonstrate to the Tokyo court—with Kyocera's own documents—how vacuous those claims are.

Finally, Kyocera fails to cite even one case where cross-use of U.S. discovery materials in related foreign litigation has been denied.  Instead, Kyocera makes a flimsy attempt to distinguish the unanimous line of cases (cited in Hemlock's opening brief) granting cross-use motions similar to the one Hemlock brings here.  See Opp. at 20-21.  None of Kyocera's meaningless distinctions have any merit, and Hemlock's motion should be granted accordingly.

Dated: April 29, 2016  By: /s/ Alvin Lee

    ORRICK, HERRINGTON & SUTCLIFFE LLP
      J. Peter Coll, Jr.
      John Ansbro
      Alvin Lee
      51 West 52nd Street
      New York, New York 10019
      Telephone: (212) 506-5000
      Facsimile: (212) 506-5151
      pcoll@orrick.com
      jansbro@orrick.com
      alee@orrick.com

    BRAUN, KENDRICK, FINKBEINER, PLC
      Craig W. Horn (P34281)
      4301 Fashion Square Boulevard
      Saginaw, Michigan 48603
      Telephone: (989) 498-2100
      crahor@BraunKendrick.com

*Attorneys for Plaintiffs Hemlock Semiconductor Corporation and Hemlock Semiconductor, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2016, I electronically filed the foregoing Plaintiffs' Reply In Further Support Of Their Motion To Modify The Protective Order with the Clerk of the Court using the ECF System, which will send notification of such filing to all attorneys of record.

        By:   /s/ Alvin Lee