UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION, | Case No. 15-CV-11236-TLL-PTM |
| *Plaintiff*, | |
| v. | Hon. Thomas L. Ludington |
| KYOCERA CORPORATION, | |
| *Defendant*. | |
| HEMLOCK SEMICONDUCTOR, LLC, | |
| *Plaintiff*, | |
| v. | |
| KYOCERA CORPORATION, | |
| *Defendant*. | |

**PLAINTIFFS HEMLOCK SEMICONDUCTOR CORPORATION AND HEMLOCK SEMICONDUCTOR, LLC'S ANSWER TO DEFENDANT <u>KYOCERA CORPORATION'S COUNTERCLAIMS</u>**

1

Plaintiffs Hemlock Semiconductor Corporation ("Hemlock Corp.") and Hemlock Semiconductor, LLC ("Hemlock LLC") (together, "Hemlock"), hereby respond to Defendant Kyocera Corporation's ("Kyocera") Consolidated Counterclaims as follows:

## GENERAL DENIAL

Kyocera's Counterclaims contain purported excerpts from, and references to, a number of documents and third-party publications. These documents and third-party publications speak for themselves, and Hemlock refers to the respective documents and third-party publications for the complete and accurate contents thereof. Further, any allegations contained in Kyocera's Counterclaims that state a legal conclusion or characterization of the parties' legal arguments do not require a response and, to the extent that any response is required, Hemlock denies the allegations. Hemlock additionally denies any allegations in the Counterclaims' headings, subheadings, unnumbered paragraphs, footnotes, and exhibits. Any allegation that is not specifically and expressly admitted below is hereby denied.

## SPECIFIC RESPONSES TO COUNTERCLAIMS

1. Hemlock admits the allegations contained in Paragraph 1.

2. Hemlock admits the allegations contained in Paragraph 2.

3. Hemlock admits the allegations contained in Paragraph 3.

4. Hemlock admits that it is a manufacturer of polycrystalline silicon

(also referred to as polysilicon). Hemlock further admits that polysilicon is used in the manufacturing of photovoltaic solar cells and modules, as well as semiconductors. Hemlock denies the remaining allegations in Paragraph 4.

    5.    Hemlock admits the allegations contained in Paragraph 5.

    6.    Hemlock admits the allegations contained in Paragraph 6.

    7.    Hemlock admits that it entered into four long-term supply agreements with Kyocera in 2005, 2006, 2007, and 2008, respectively; that the first three agreements (Supply Agreements I, II, and III) are between Hemlock Corp. and Kyocera; and that the fourth agreement (Supply Agreement IV) is between Hemlock LLC and Kyocera (Supply Agreements I, II, III, and IV together, the "Supply Agreements"). Hemlock further admits that under the Supply Agreements, Kyocera agreed to take or pay for, and Hemlock agreed to annually supply, polysilicon. Hemlock further admits that polysilicon is used in the manufacturing of photovoltaic solar cells used in solar panels. Hemlock denies the remaining allegations in Paragraph 7.

    8.    Hemlock admits that it told Kyocera in 2005 that it planned to expand its polysilicon production capacity. Hemlock further admits that it told Kyocera in 2005 that it planned to use the advance payments made by Kyocera pursuant to its 2005 Supply Agreement to partially fund its planned polysilicon production capacity expansion, and that the advance payments would be credited against the

purchase price to be paid by Kyocera over the term of its contract. Hemlock denies all remaining allegations in Paragraph 8.

9. Hemlock lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 9, and therefore denies those allegations. Hemlock denies the remaining allegations in Paragraph 9, and further responds that Hemlock engaged in significant negotiations with Kyocera prior to finalizing each Supply Agreement, and that Kyocera, as directing member of a multi-billion dollar, worldwide conglomerate was fully capable of and did negotiate each Supply Agreement on equal footing with Hemlock.

10. Hemlock admits that it entered four long-term supply agreements with Kyocera, that each of those Agreements covers a period of ten years, and that Hemlock's first long-term supply agreement with Kyocera was signed in 2005. Hemlock further answers that Supply Agreement I speaks for itself, refers to the Agreement for the complete and accurate contents thereof, and denies any allegations inconsistent with its terms. Hemlock denies the remaining allegations in Paragraph 10.

11. Hemlock admits that it entered four long-term supply agreements with Kyocera between 2005 and 2008. Hemlock further answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and

accurate contents thereof, and denies any allegations inconsistent with their terms. Hemlock denies the remaining allegations in Paragraph 11.

12. Hemlock admits that under its four long-term supply agreements with Kyocera, Kyocera promised to take or pay for certain quantities of polysilicon each year for ten years at a pre-determined price. Hemlock further admits that each Supply Agreement was amended a total of five times by hand-signed, written amendment in accordance with the amendment procedures provided in the respective Agreements.[1] The remaining allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent that a response is required, Hemlock denies the remaining allegations.

13. In response to the allegations in Paragraph 13, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

14. In response to the allegations in Paragraph 14, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent

---

[1] Specifically, Supply Agreements I-III were each amended by separate, hand-signed, written agreements effective January 1, 2008; April 27, 2009; November 15, 2011; March 31, 2012; and September 30, 2012, respectively. Supply Agreement IV was amended by written, hand-signed agreements effective April 27, 2009; November 15, 2011; March 31, 2012; September 30, 2012; and September 12, 2013, respectively.

with their terms.

15. Hemlock denies the allegations in Paragraph 15.

16. Hemlock denies the allegations in Paragraph 16.

17. Hemlock denies the allegations in Paragraph 17.

18. Hemlock denies the allegations in Paragraph 18.

19. Hemlock denies the allegations in Paragraph 19.

20. Hemlock admits that Kyocera is required to take or pay for a set quantity of polysilicon each year for ten years. In response to the remaining allegations in Paragraph 20, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

21. In response to the allegations in Paragraph 21, Hemlock answers that Supply Agreement I speaks for itself, refers to the Agreement for the complete and accurate contents thereof, and denies any allegations inconsistent with its terms.

22. Hemlock admits that it sold polysilicon to Kyocera at a profit under the Supply Agreements. Hemlock denies the remaining allegations in Paragraph 22.

23. Hemlock admits that it sold polysilicon to Kyocera at a profit under the Supply Agreements. Hemlock denies the remaining allegations in Paragraph 23.

24. To the extent that the allegations in Paragraph 24 characterize provisions contained within the Supply Agreements, Hemlock answers that the Supply Agreements speak for themselves, refers to the Supply Agreements for the complete and accurate contents thereof, and denies any allegation inconsistent with their terms. Hemlock denies the remaining allegations in Paragraph 24.

25. In response to the allegations in Paragraph 25, Hemlock answers that Supply Agreements I-III speak for themselves, refers to Agreements I-III for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

26. In response to the allegations in Paragraph 26, Hemlock answers that Supply Agreement IV speaks for itself, refers to Agreement IV for the complete and accurate contents thereof, and denies any allegation inconsistent with its terms.

27. Hemlock denies the allegations in Paragraph 27.

28. In response to the allegations in Paragraph 28, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms. Hemlock further answers that, pursuant to the Agreements, Kyocera is permitted to re-sell polysilicon supplied by Hemlock upon Hemlock's prior written consent.

29. To the extent that the allegations in Paragraph 29 characterize legal

arguments made by Hemlock, no response is required.  If a response is required, the allegations are denied.  Hemlock further answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

30. In response to the allegations in Paragraph 30, Hemlock answers that Supply Agreements I-III speak for themselves, refers to Agreements I-III for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

31. In response to the allegations in Paragraph 31, Hemlock answers that Supply Agreement IV speaks for itself, refers to Agreement IV for the complete and accurate contents thereof, and denies any allegations inconsistent with its terms.

32. In response to the allegations in Paragraph 32, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

33. In response to the allegations in Paragraph 33, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

34. Hemlock denies the allegations in Paragraph 34.

35. Paragraph 35 asserts legal conclusions to which no response is required. To the extent that a response is required, denied.

36. Paragraph 36 asserts legal conclusions to which no response is required. To the extent that a response is required, denied.

37. Paragraph 37 asserts legal conclusions and characterizations of Hemlock's legal arguments to which no response is required. To the extent that a response is required, denied.

38. Paragraph 38 asserts legal conclusions to which no response is required. To the extent that a response is required, denied.

39. In response to the allegations in Paragraph 39, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

40. In response to the allegations in Paragraph 40, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

41. In response to the allegations in Paragraph 41, Hemlock answers that Supply Agreements I-III speak for themselves, refers to Agreements I-III for the

complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

42. In response to the allegations in Paragraph 42, Hemlock answers that Supply Agreement IV speaks for itself, refers to Agreement IV for the complete and accurate contents thereof, and denies any allegations inconsistent with its terms.

43. To the extent that the allegations in Paragraph 43 assert legal conclusions or characterize legal arguments allegedly made by Hemlock, no response is required. If a response is required, the allegations are denied. Hemlock further answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms. Any remaining allegations are denied.

44. In response to the allegations in Paragraph 44, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

45. In response to the allegations in Paragraph 45, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

46. In response to the allegations in Paragraph 46, Hemlock answers that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms. Hemlock further denies any remaining allegations in Paragraph 46.

47. Hemlock admits that it received advance payments from Kyocera and other customers pursuant to supply agreements. Hemlock denies the remaining allegations in Paragraph 47.

48. To the extent that the allegations in Paragraph 48 assert legal conclusions, no response is required. If a response is required, the allegations are denied. Hemlock further answers that the Amended Complaint speaks for itself, refers to the Amended Complaint for the complete and accurate contents thereof, and denies any allegations inconsistent with its terms.

49. Hemlock admits that it announced plans to expand its production capacity. Hemlock denies the remaining allegations in Paragraph 49.

50. Hemlock objects to the allegations contained in the first sentence of Paragraph 50 as vague and ambiguous to the extent that they refer to unspecified "[m]aterials," and denies those allegations on that basis. Hemlock denies the remaining allegations in Paragraph 50.

51. Hemlock denies the allegations in Paragraph 51.

52. Hemlock denies the allegations in Paragraph 52.

53. Hemlock denies the allegations in Paragraph 53.

54. Hemlock admits that it permanently closed its Clarksville, Tennessee plant in December 2014, and that the plant was never operated. Hemlock further admits that Google has purchased the facility. Hemlock denies the remaining allegations in Paragraph 54.

55. Hemlock denies the allegations in Paragraph 55.

56. Hemlock admits that Kyocera did not order polysilicon from Hemlock in 2015. Hemlock lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies those allegations.

57. Paragraph 57 asserts legal conclusions and characterizations of Hemlock's legal arguments to which no response is required. To the extent that a response is required, denied.

58. Hemlock admits that it sent shortfall invoices and corresponding cover letters to Kyocera on January 1, 2016. To the extent that the allegations in Paragraph 58 characterize the contents of those invoices and cover letters, Hemlock answers that the invoices and letters speak for themselves, refers to the invoices and letters for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms. Hemlock denies the remaining

allegations in Paragraph 58.

59. In response to the allegations in Paragraph 59, Hemlock answers that the referenced invoices speak for themselves, refers to the invoices for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms.

60. Hemlock admits that it sent four letters to Kyocera on February 16, 2016. Hemlock further answers that the letters speak for themselves, refers to the letters for the complete and accurate contents thereof, and denies any allegations inconsistent with their terms. To the extent that the allegations in Paragraph 60 constitute characterizations of Hemlock's legal arguments, no response is required. All remaining allegations are denied.

61. To the extent that the allegations in Paragraph 61 constitute legal conclusions or characterizations of Hemlock's legal arguments, no response is required. Hemlock denies any remaining allegations in Paragraph 61.

62. Hemlock denies the allegations in Paragraph 62.

63. Paragraph 63 asserts legal conclusions to which no response is required. To the extent that a response is required, denied.

64. Paragraph 64 asserts legal conclusions to which no response is required. To the extent that a response is required, denied.

65. To the extent that the allegations in Paragraph 65 characterize

provisions in the Supply Agreements, Hemlock responds that the Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and deny any allegations inconsistent with their terms. Hemlock denies any remaining allegations in Paragraph 65.

66. Hemlock denies the allegations in Paragraph 66.

67. Hemlock denies the allegations in Paragraph 67.

68. Hemlock admits that Kyocera posed the question referenced in Paragraph 68, among others, to Hemlock in connection with Kyocera's action before the Tokyo District Court in Japan. Hemlock further answers that it is not required to respond to any questions posed by Kyocera in the Japanese action unless and until it is ordered to do so by the Tokyo District Court, and that the District Court has issued no such order. Hemlock denies the remaining allegations in Paragraph 68.

69. Hemlock admits that it has commenced proceedings against other customers for breach of their contractual obligations. Hemlock denies the remaining allegations in Paragraph 69.

## RESPONSE TO KYOCERA'S FIRST COUNTERCLAIM
### (Declaratory Judgment that the "Take or Pay" Clauses in Agreements I-IV Are Unenforceable Penalties)

70. To the extent that Paragraph 70 asserts characterizations of Hemlock's legal arguments, no response is required. If a response is required, the allegations

are denied.  Hemlock denies any remaining allegations.

71.     To the extent that the allegations in Paragraph 71 characterize Hemlock's legal arguments, no response is required.  If a response is required, the allegations are denied.  Hemlock further responds that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and deny any allegations inconsistent with their terms.

72.     Paragraph 72 asserts legal conclusions to which no response is required.  To the extent that a response is required, denied.

73.     Paragraph 73 asserts legal conclusions to which no response is required.  To the extent that a response is required, denied.

74.     Paragraph 74 asserts legal conclusions to which no response is required.  To the extent that a response is required, denied.

75.     Paragraph 75 asserts legal conclusions to which no response is required.  To the extent that a response is required, denied.

76.     Paragraph 76 asserts legal conclusions to which no response is required.  To the extent that a response is required, denied.

77.     Paragraph 77 asserts legal conclusions to which no response is required.  To the extent that a response is required, denied.

78.     Hemlock denies the allegations in Paragraph 78.

## RESPONSE TO KYOCERA'S SECOND COUNTERCLAIM
(Declaratory Judgment that the "Acceleration" Clauses in Agreements I-IV Are Unenforceable Penalties)

79. To the extent that the allegations in Paragraph 79 characterize provisions within the Supply Agreements, Hemlock responds that the Supply Agreements speak for themselves, refers to the Agreements for the complete and accurate contents thereof, and deny any allegations inconsistent with their terms. The remaining allegations in Paragraph 79 are legal conclusions or characterizations of Hemlock's legal arguments and therefore require no response. To the extent that a response is required, denied.

80. Hemlock admits that it has commenced proceedings against other customers for breach of their contractual obligations. Hemlock denies the remaining allegations in Paragraph 80.

81. Paragraph 81 asserts legal conclusions to which no response is required. To the extent that a response is required, denied.

82. Hemlock denies the allegations in Paragraph 82.

## RESPONSE TO KYOCERA'S THIRD COUNTERCLAIM
(Declaratory Judgment of Impossibility and Impracticability Relieving Kyocera of Performance Under Agreements I-IV)

83. – 143.   As acknowledged by Kyocera, the Court has already dismissed this counterclaim and denied Kyocera leave to amend it. See Hemlock Semiconductor Corporation v. Kyocera Corporation, No. 15-cv-11236, Dkt. No. 61

16

(Order dated January 6, 2016 dismissing counterclaim); Dkt. No. 75 (Order dated March 1, 2016 denying amendment of counterclaim). Hemlock accordingly denies all allegations attendant to this counterclaim for the reasons set forth by the Court in its January 6 and March 1 Orders.

### RESPONSE TO KYOCERA'S FOURTH COUNTERCLAIM
### (Declaratory Judgment of Frustration of Purpose Relieving Kyocera of Performance Under Agreements I-IV)

144. – 150. As acknowledged by Kyocera, the Court has already dismissed this counterclaim and denied Kyocera leave to amend it. See Hemlock Semiconductor Corporation v. Kyocera Corporation, No. 15-cv-11236, Dkt. No. 61 (Order dated January 6, 2016 dismissing counterclaim); Dkt. No. 75 (Order dated March 1, 2016 denying amendment of counterclaim). Hemlock accordingly denies all allegations attendant to this counterclaim for the reasons set forth by the Court in its January 6 and March 1 Orders.

### RESPONSE TO KYOCERA'S FIFTH COUNTERCLAIM
### (Declaratory Judgment that Agreements I-IV Are Void for Violations of Public Policy, Including Illegality)

151. – 183. As acknowledged by Kyocera, the Court has already dismissed this counterclaim. See Hemlock Semiconductor Corporation v. Kyocera Corporation, No. 15-cv-11236, Dkt. No. 61 (Order dated January 6, 2016 dismissing counterclaim). Hemlock accordingly denies all allegations attendant to this counterclaim for the reasons set forth by the Court in its January 6 Order.

## RESPONSE TO KYOCERA'S SIXTH COUNTERCLAIM
### (Breach of Agreements I-III)

184. – 199.  As acknowledged by Kyocera, the Court has already dismissed this counterclaim and denied Kyocera leave to amend it.  See Hemlock Semiconductor Corporation v. Kyocera Corporation, No. 15-cv-11236, Dkt. No. 61 (Order dated January 6, 2016 dismissing counterclaim); Dkt. No. 75 (Order dated March 1, 2016 denying amendment of counterclaim).  Hemlock accordingly denies all allegations attendant to this counterclaim for the reasons set forth by the Court in its January 6 and March 1 Orders.

## RESPONSE TO KYOCERA'S PRAYER FOR RELIEF

Hemlock denies that Kyocera is entitled to any of the relief that it seeks.

## HEMLOCK'S AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Kyocera's Third, Fourth, Fifth, and Sixth Counterclaims are barred by the law of the case doctrine.

### Second Defense

Kyocera's Third, Fourth, Fifth, and Sixth Counterclaims are barred by the doctrines of res judicata and collateral estoppel.

### Third Defense

Kyocera's Counterclaims are barred because they fail to state a claim upon which relief can be granted.

### Fourth Defense

Kyocera's Counterclaims are barred by the doctrine of waiver.

### Fifth Defense

Kyocera's Counterclaims are barred by the doctrine of laches.

Dated: May 2, 2016          By:  /s/ Alvin Lee

    ORRICK, HERRINGTON & SUTCLIFFE LLP
      J. Peter Coll, Jr.
      John Ansbro
      Alvin Lee
      51 West 52nd Street
      New York, New York 10019
      Telephone: (212) 506-5000
      Facsimile: (212) 506-5151
      pcoll@orrick.com
      jansbro@orrick.com
      alee@orrick.com

    BRAUN, KENDRICK, FINKBEINER, PLC
      Craig W. Horn (P34281)
      4301 Fashion Square Boulevard
      Saginaw, Michigan 48603
      Telephone: (989) 498-2100
      crahor@BraunKendrick.com

*Attorneys for Plaintiffs Hemlock Semiconductor Corporation and Hemlock Semiconductor, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2016, I electronically filed the foregoing Plaintiffs Hemlock Semiconductor Corporation and Hemlock Semiconductor, LLC's Answer to Defendant Kyocera Corporation's Counterclaims with the Clerk of the Court using the ECF System, which will send notification of such filing to all attorneys of record.

      By:  /s/ Alvin Lee