UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION, et al.,

        Plaintiff,                            Case No. 15-cv-11236

v                                                         Honorable Thomas L. Ludington

KYOCERA CORPORATION,

        Defendant.
_____/

## ORDER GRANTING MOTION TO MODIFY THE PROTECTIVE ORDER

The immediate dispute between Plaintiff Hemlock Semiconductor ("Hemlock") and Defendant Kyocera arises from a series of contracts for the sale of quantities of industrial-grade polycrystalline silicon by Hemlock to Kyocera. Following changes in global solar market conditions, Kyocera sought to excuse its performance under a force majeure provision in the parties' contracts. In response, Hemlock sought adequate assurances that Kyocera would perform its obligations under the agreements. When Hemlock concluded that Kyocera had not provided adequate assurances that it would perform its contractual commitment, it initiated this suit.

Hemlock filed its initial complaint on April 1, 2015, and an amended complaint on April 29, 2015, asserting that Kyocera had failed to provide adequate assurances of performances under MCLA § 440.2609 and had repudiated Supply Agreements I-III. ECF No. 4. Hemlock also seeks a declaratory judgment that Supply Agreements I-III are not unconscionable and an anti-suit injunction to prevent Kyocera from further prosecuting a related action in Tokyo. *Id.* Kyocera filed its answer together with six counterclaims on July 10, 2015. ECF No. 9. On

January 6, 2016 the Court granted Hemlock's motions to dismiss Kyocera's counterclaims and strike Kyocera's Japanese antitrust defense. ECF No. 61. On March 11, 2016, this matter was consolidated with a related action between Hemlock Semiconductor LLC ("Hemlock LLC") and Kyocera regarding the enforceability of Supply Agreement IV. ECF No. 83.

Now before the Court is Hemlock's motion to modify the stipulation and order for the production and exchange of confidential information entered on July 29, 2015. *See* ECF Nos. 20, 92. Because this is a Court of public record, and because Kyocera has not shown that the modification will harm any legitimate interest, Hemlock's motion will be granted.

**I.**

Hemlock, Plaintiff in this action, is involved in the manufacture and sale of polycrystalline silicon ("polysilicon") and photovoltaic solar cells and modules. ECF No. 4 at ¶¶ 1, 3, 7. Kyocera, Defendant in this action, is "one of the world's largest vertically-integrated producers and suppliers of solar energy panels." ECF No. 4 at ¶ 8. Beginning in 2005, in the face of a worldwide polysilicon shortage, Hemlock and Kyocera entered into four long-term polysilicon supply contracts. The first Long Term Supply Agreement ("Agreement I") is effective from August 30, 2005 to December 31, 2015. The second Long Term Supply Agreement ("Agreement II") is effective from July 21, 2006 to December 31, 2018. The third Long Term Supply Agreement ("Agreement III") is effective from July 18, 2007 to December 31, 2019. Finally, the fourth Long Term Supply Agreement ("Agreement IV") is effective from November 13, 2008 to December 31, 2020. Am. Compl. at ¶¶ 12-13. The agreements require Kyocera to make large initial payments to assist Hemlock's expansion of its existing polysilicon production facilities in the United States.

**A.**

On February 26, 2015 Hemlock sent Kyocera a demand for adequate assurances that it would perform under Agreements I-III pursuant to MCLA § 440.2609. Compl. ¶ 28. Kyocera sent Hemlock a response on March 26, 2015, arguing that Kyocera had no obligation to provide written assurances to Hemlock and that MCLA § 440.2609 did not apply to the supply agreements. *Id*. at ¶ 29. Hemlock initiated the instant suit on April 1, 2015 alleging that Kyocera had failed to provide Hemlock with adequate assurances that it would make purchases under the supply agreements in 2015. Am. Compl. ¶ 28.

Two days after Hemlock filed the instant action, on April 3, 2015, Kyocera filed a complaint against Hemlock in the Civil Division of Tokyo District Court in Japan. The Tokyo complaint alleges that Hemlock violated Japanese antitrust law by abusing a superior position of bargaining power in entering into the supply agreements.

Then, on October 7, 2015 Hemlock Semiconductor LLC ("Hemlock LLC") filed suit in Saginaw County circuit court alleging that Kyocera had violated supply agreement IV, seeking a declaratory judgment that supply agreement IV is not unconscionable, and seeking an anti-suit injunction to prevent Kyocera from further prosecuting the Tokyo action. Kyocera removed that action to this Court on February 3, 2016. *See* Case No. 1:16-cv-10376, ECF No. 1. Pursuant to the parties' stipulation, that matter was consolidated with the above-captioned action on March 8, 2016. ECF No. 82.

**B.**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties entered into a stipulated confidentiality agreement on July 23, 2015, which was entered as a Court order on July 29, 2015. *See* Stipulated Confidentiality Agreement, ECF No. 20. The agreement sought to protect information consisting of the following:

>trade secrets, proprietary business information, competitively sensitive information, nonpublic personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

Stipulated Confidentiality Agreement ¶ 3(a). Pursuant to the agreement, such information could only be furnished, shown, or disclosed to certain persons or entities, including:

>(a) personnel of the parties to this action actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;
>
>(b) personnel of the corporate parents of the parties, Kyocera and Hemlock, engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;
>
>(c) former personnel of the parties to this action actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have consented in writing, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;
>
>(d) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;
>
>(e) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;
>
>(f) the Court and court personnel, if filed in accordance with paragraph 12 hereof;
>
>(g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;
>
>(h) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(i) any other person agreed to by the parties.

*Id*. at ¶ 5.

On April 12, 2016 Hemlock filed its current motion seeking an order modifying the parties' stipulated confidentiality agreement. *See* ECF No. 92. Specifically, Hemlock seeks a modification allowing it to share discovery material produced as a part of this action in the parties' related Tokyo litigation. Hemlock argues that the documents are relevant to the Tokyo proceeding because the Tokyo court has ordered Hemlock to submit evidence regarding the parties' negotiation of the exclusive jurisdiction provisions contained in the Supply Agreements.

Kyocera has filed an objection to that request, arguing that Hemlock has not shown any good cause or minimal need to modify the protective order. *See* ECF No. 97. Kyocera also argues that Hemlock is seeking an end-run around the Japanese forum's more limited discovery rules, and that Japanese procedure provides a mechanism for Hemlock to request document production. *Id*.

**II.**

In *Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978), the United States Supreme Court recognized the "general right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 597. Notwithstanding this general right of public access, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Accordingly, access may be limited to ensure order and dignity in the courtroom or to protect a litigant's private information, trade secrets, or national security. *See id*. (citations omitted); *Brown & Williamson Tobacco Corp. v. F.T.C*., 710 F.2d 1165 (6th Cir. 1983).

Under Federal Rule of Civil Procedure 26(c) the court may, for good cause, "issue an order to protect a party or person from annoyance embarrassment, oppression, or undue burden or expense…." Such an order may forbid inquiry into certain matters, require the sealing of a deposition or other information, or "require[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way[.]". *Id*. Noting that pretrial depositions and interrogatories are not public components of a civil trial the Supreme Court has upheld Rule 26(c) as furthering a substantial governmental interest and as justified by the broad discovery allowed under Rule 26(b)(1). *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 (1984).

The Sixth Circuit Court of Appeals has held that "the power of a district judge includes the power to modify a protective order.*" In re Upjohn Co. Antibiotic Cleocin Products*, Etc., 664 F.2d 114, 118 (6th Cir.1981). A party seeking to modify an existing protective order bears the burden of demonstrating that the modification is warranted. *See In re Air Crash Disaster*, 130 F.R.D. 634, 638 (E.D.Mich.1989). The standard for modifying a protective in the Sixth Circuit is minimal. Quoting a Second Circuit opinion, *In re "Agent Orange" Products Liability Litigation*, 821 F.2d 139, 147 (2d Cir.1987), the Sixth Circuit has articulated the following rule:

> Given that proceedings should normally take place in public, imposing a good cause requirement on the party seeking modification of a protective order is unwarranted. If access to protected fruits can be granted without harm to legitimate secrecy interests, or if no such interests exist, continued judicial protection cannot be justified. In that case, access should be granted even if the need for the protected materials is minimal. When that is not the case, the court should require the party seeking modification to show why the secrecy interests deserve less protection than they did when the order was granted. Even then, however, the movant should not be saddled with a burden more onerous than explaining why his need for the materials outweighs existing privacy concerns.

*Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987).[1] The decision to lift or modify a protective order is left to the sound discretion of the district court. *Id*. at 161.

### A.

As the movant, Hemlock bears the initial burden of showing that Kyocera does not have any legitimate secrecy interests, or that granting its modification request would not harm any of Kyocera's legitimate secrecy interests. Hemlock argues that if its modification request is granted, it will continue to abide by the protective order, and that the only resulting change would be that Hemlock could submit documents to the Tokyo District Court. Hemlock argues that the documents would remain shielded from third parties and competitors. Kyocera responds that the protective order governing this action is not binding on Hemlock's Japanese counsel, and that this Court would have no ability to enforce the protective order should it be violated by Hemlock's Japanese counsel.

Hemlock represents in its motion that Hemlock's Japanese counsel will abide by the Confidentiality Agreement. *See* ECF No. 92, p. 3. Kyocera's security concerns can be wholly remedied by placing Hemlock's Japanese counsel under the terms of the Confidentiality Agreement. *See In re Jenoptik AG,* 109 F.3d 721, 723 (Fed.Cir.1997), *Infineon Techs. AG V. Green Power Techs. Ltd.*, 247 F.R.D. 1, 3 (D.D.C. 2005). Kyocera has identified no other

---

[1] Since *Meyer Goldberg,* the Second Circuit has qualified its decision in *Agent Orange*, holding that such reasoning only applies where "a litigant or deponent could not reasonably have relied on the continuation of a protective order…." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001). In contrast, "[w]here there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." *Id*. (internal quotations and citation omitted). Recognizing the important role that protective orders play in securing just, speedy, and inexpensive determinations of civil disputes, the Second Circuit reasoned that "if previously-entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future." *Id*. at 229-230. The Sixth Circuit has yet to revisit its ruling in *Meyer Goldberg* in light of the Second Circuit's decision in *TheStreet.com.* Accordingly, this Court applies the binding precedent set forth by the Sixth Circuit in *Meyer Goldberg*.

legitimate security interests. Hemlock has therefore carried its burden of showing that the proposed modification will not harm any of Kyocera's legitimate security interests. *See Meyer Goldberg*, 823 F.2d at163.

Hemlock has also carried its burden of showing minimal need for the modification, since it has the need to respond to Kyocera's allegations in the related Tokyo action. Even Courts applying a heightened "good cause" standard have found modifications of confidentiality agreements appropriate where the movant seeks to use materials in related foreign litigation. *See Jenoptik AG,* 109 F.3d at 723 (denying a party's request for a writ of mandamus compelling vacation of a district court order modifying a protective order so as to permit the opposing party to introduce confidential deposition excerpts in a related foreign action), *Infineon Techs.*, 247 F.R.D. at 3 (granting modification of a protective order so as to allow a party to use confidential discovery in a related German action under a heightened "good cause" standard of review); *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.,* 2013 WL 1867345, at *2 (D. Del. Mar. 28, 2013), (finding that the moving party had met its burden of demonstrating "good cause" for modifying a protective order to allow the party's Italian counsel to access confidential documents for use in two related Italian actions). Kyocera's attempt to distinguish these cases by claiming that Hemlock's request is overbroad and undifferentiated is unpersuasive, especially given Hemlock's minimal burden of proof.

Finally, this order simply holds that Hemlock may attempt to introduce discovery materials to the Tokyo Court in the parties' related action. The Tokyo Court retains the discretion to accept or reject the documents. Kyocera also does not contest Hemlock's representation that the parties have some ability to seal documents in the Tokyo matter. *See* ECF

- 9 -

No. 92, pp. 3-4. Because Hemlock has satisfied its minimal burden, Hemlock's motion to modify the parties' confidentiality agreement will be granted.

### III.

Accordingly, it is **ORDERED** that Hemlock's motion to modify the parties' stipulation and order for the production and exchange of confidential information, ECF No. 92, is **GRANTED**.

It if further **ORDERED** that the parties' stipulation and order for the production and exchange of confidential information, ECF No. 20, is **AMENDED** to allow the parties to share documents produced and designated "confidential" in this matter with the Tokyo District Court in Japan in the parties' related action.

It is further **ORDERED** that Hemlock's Japanese counsel is **DIRECTED** to abide by the protective order in this matter, ECF No. 20.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: May 5, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 5, 2016.

s/Richard Loury for Michael Sian
CASE MANAGER