UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION, et al.,

                Plaintiffs,                          Case No. 15-cv-11236

v                                                  Honorable Thomas L. Ludington

KYOCERA CORPORATION,

                Defendant.
_____/

### ORDER PROVISIONALLY GRANTING DEFENDANT'S MOTION TO SEAL, GRANTING DEFENDANT LEAVE TO FILE DOCUMENTS UNDER SEAL, GRANTING PLAINTIFF'S MOTION TO STRIKE, AND STRIKING REASSERTED COUNTERCLAIMS

Plaintiff Hemlock Semiconductor ("Hemlock") and Defendant Kyocera are significant participants in the global solar energy industry. Their immediate dispute arises from a series of contracts for the sale of quantities of industrial-grade polycrystalline silicon by Hemlock to Kyocera. Following changes in global solar market conditions, Kyocera sought to excuse its performance under a force majeure provision in the parties' contracts. In response, Hemlock sought adequate assurances that Kyocera would perform its obligations under the agreements. When Hemlock concluded that Kyocera had not provided adequate assurances that it would perform its contractual commitment, it initiated this suit.

Hemlock filed its initial complaint on April 1, 2015, and an amended complaint on April 29, 2015, asserting that Kyocera had failed to provide adequate assurances of performances under MCLA § 440.2609 and had repudiated Supply Agreements I-III. ECF No. 4. Hemlock also seeks a declaratory judgment that Supply Agreements I-III are not unconscionable and an anti-suit injunction to prevent Kyocera from further prosecuting a related action in Tokyo. *Id.*

Kyocera filed its answer together with six counterclaims on July 10, 2015. ECF No. 9. On January 6, 2016 the Court granted Hemlock's motions to dismiss Kyocera's counterclaims and strike Kyocera's Japanese antitrust defense. ECF No. 61. On March 11, 2016, this matter was consolidated with a related action between Hemlock Semiconductor LLC ("Hemlock LLC") and Kyocera regarding the enforceability of Supply Agreement IV. ECF No. 83.

Following consolidation, on March 18, 2016 Hemlock filed an amended, consolidated complaint. *See* ECF No. 85. On April 8, 2016 Defendant Kyocera filed its answer. *See* ECF No. 89. Kyocera also filed six counterclaims with the answer, four of which reassert claims that were previously dismissed. *Id*. Kyocera also filed a motion to seal certain documents in support of its answer and amended complaint. *See* ECF No. 90. Hemlock now moves to strike the reasserted defenses pursuant to Fed. R. Civ. P. 12(f).

**I.**

Kyocera's motion to seal will be addressed first. *See* ECF No. 90. Pursuant to Local Rule 5.3(b)(A), a motion to authorize sealing must:

- (i) state the authority for sealing;
- (ii) include an identification and description of each item proposed for sealing;
- (iii) state the reason that sealing each item is necessary;
- (iv) state the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and
- (v) have a supporting brief.

E.D. MICH. LR 5.3(b)(A). Defendant Kyocera's motion complies with these requirements, as it adequately identifies and describes the documents it would like sealed and the reasons why sealing each item is necessary. However, because this is Court of public record, Kyocera's motion to seal will be granted only on the condition that the documents do not become

necessary to an adjudicatory process. If the sealed items become relevant to an adjudicatory process (e.g., argument on the record in open court, publishing of a written opinion, etc.) this order will need to be revisited and the documents may be unsealed. Until that time, Kyocera's motion to seal will be granted, and Kyocera will be granted leave to file Exhibits 1B-1G, 2B-2G, 3B-3G, 4B-4G, 13, and 14 to its amended answer under seal.

## II.

Under Federal Rule of Civil Procedure 12(f) "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Hemlock now moves to strike Kyocera's reasserted counterclaims, pled in Kyocera's amended answer as Counterclaims 3-6. *See* ECF No. 100. In its response to Hemlock's motion, Kyocera acknowledges that the Court previously dismissed the reasserted claims on the merits, and explains that it has restated the claims to preserve its ability to appeal the dismissal of those claims. *See* ECF No. 103.

Under Sixth Circuit law, Kyocera does not need to replead the dismissed claims to preserve them for appeal, as the order dismissing the counterclaims preserves them for appeal. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 (6th Cir. 2014). The counterclaims are therefore redundant, and will be stricken.

## III.

Accordingly, it is **ORDERED** that Defendant Kyocera's motion to file exhibits under seal, ECF No. 90, is provisionally **GRANTED**.

It is further **ORDERED** that Kyocera is **GRANTED LEAVE** Exhibits 1B-1G, 2B-2G, 3B-3G, 4B-4G, 13, and 14 to amended answer **under seal.**

It is further **ORDERED** that Hemlock's motion to strike, ECF No. 100, is **GRANTED**.

It is further **ORDERED** that Counterclaims 3, 4, 5, and 6 as asserted in Kyocera's amended answer, ECF No. 89, are **STRICKEN**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 14, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14, 2016.

s/Michael A. Sian
MICHAEL A. SIAN