# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| HEMLOCK SEMICONDUCTOR CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KYOCERA CORPORATION, <br><br> Defendant. <br><br><br> KYOCERA CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> HEMLOCK SEMICONDUCTOR CORPORATION, *et al.*, <br><br> Counterdefendants. | Case No. 1:15-cv-11236-BC <br><br> Honorable Thomas L. Ludington <br> Honorable Patricia T. Morris |

## JOINT LIST OF UNRESOLVED ISSUES FOR
## JUNE 29, 2016 DISCOVERY HEARING

## I. CERTIFICATION

This is a dispute between Hemlock Semiconductor Corporation and Hemlock Semiconductor, LLC (collectively "Hemlock") and Kyocera Corporation ("Kyocera") related to four supply agreements. On June 29, 2016, the Court will hear Kyocera's motion to compel Hemlock to produce documents. (Doc. No. 104.) The parties met and conferred by telephone conference on June 14, 2016 from 1:00p.m. Eastern time until 2:00 p.m. Eastern time and attempted in good faith to resolve the issues raised in the motion and related issues.

## II. UNRESOLVED ISSUES

### A. Unresolved Issue No. 1: Hemlock's Post-2008 Cost and Financial Information

#### 1. **Kyocera's Position:** Kyocera is Entitled to Documents Related to Hemlock's Actual Damages

As Kyocera explained in the motion, this case involves four polysilicon supply agreements entered into by Hemlock and Kyocera (the "Agreements"). Each Agreement states that Kyocera must buy a certain quantity of polysilicon each calendar year for ten years, and each has a "take-or-pay" clause that purports to allow Hemlock to invoice Kyocera for unordered quantities of polysilicon, at full price, without having any obligation to deliver the product. Finally, each Agreement has an acceleration clause that purports to make Kyocera liable for the full price of all scheduled polysilicon orders through the full term of the Agreement—as late as 2020—if Hemlock elects to terminate the Agreement.

Kyocera filed that motion because Hemlock has refused to produce *any* documents related to its actual damages. Hemlock's position is that actual damages are not relevant because the "take-or-pay" clauses and related acceleration clauses in the parties' contracts determine the measure of damages. On that basis, Hemlock has refused to provide any documents dated after November 2008 related to its costs, revenues, or finances—that is, the documents needed to show the costs that Hemlock avoided as a result of Kyocera's decision not to order polysilicon in 2015. Hemlock's position is indefensible. Kyocera has asserted a counterclaim seeking a declaratory judgment that the take-or-pay clauses and acceleration clauses are unenforceable. (Doc. No. 89.) Hemlock has answered the counterclaim; it has not filed a motion to dismiss. (Doc. No. 101.) After those pleadings were set, Kyocera substantially narrowed its prior requests for production of documents to focus on the issues now in dispute: the enforceability of the take-or-pay and acceleration clauses, and the damages that would flow to Hemlock if those clauses are unenforceable.

Hemlock's actual damages are relevant to both of those issues. First, Hemlock's actual damages are critical to determining whether the take-or-pay and acceleration provisions are enforceable. Hemlock is incorrect that the enforceability of the provisions at issue depends solely on the facts as they existed when the Agreements were executed. Under Michigan law, the enforceability of a

2

liquidated damages clause depends, in part, on "actual harm," which is necessarily determined in reference to the damages a party suffers when a breach occurs. Mich. Comp. Law § 440.2718(1) ("Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated *or actual harm* caused by the breach . . . ." (emphasis added)); *accord Northcentral Telecom, Inc. v. AT&T Servs., Inc.*, 2011 WL 2148572, at *3 (W.D. Mich. May 30, 2011) ("[T]o show that a liquidated damages provision is unreasonable because the actual damages incurred were much less than the amount contracted for, a defendant may be required to prove what the actual damages were." (Internal quotation marks omitted)).

Second, if the Court concludes that one or both of these provisions is <u>not</u> enforceable, actual damages will be relevant because they will determine what Hemlock recovers. Hemlock cannot avoid damages discovery simply by assuming that it will prevail on liability. *See Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014) (a party cannot, "by [its] sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into [its] own theory of the case"); *Am. Air Filter Co., Inc. v. Universal Air Prods., LLC*, 14-CV-665-TBR-LLK, 2015 U.S. Dist. LEXIS 80409, at *3 (W.D. Ky. June 22, 2015) ("The scope of discovery does not contract to the Defendant's theory of the case . . . Neither party can restrain another's otherwise-proper discovery because

3

that discovery exceeds its theory of the case.") (citing *U.S. v. 216 Bottles*, 36 F.R.D. 695, 699-700 (E.D.N.Y. 1965)). Nor can Hemlock avoid damages discovery by contorting the Michigan U.C.C. to argue that avoided production costs do not reduce Hemlock's damages. Hemlock's argument is incorrect. But even if Hemlock were right, that would not be a basis for denying *discovery* on a live issue in the case that Hemlock has not moved to dismiss.

The factors in Rule 26(b) support an order directing Hemlock to produce documents related to Kyocera's actual damages.

1. **Importance of the issues at stake in the action.** This discovery is crucial to the central issue in this litigation: whether Hemlock's take-or-pay and acceleration provisions are enforceable. This is a critical issue to both parties in the case, as it could change that amount at stake by hundreds of millions of dollars.

2. **The amount in controversy.** This factor favors the limited discovery Kyocera is requesting. Hemlock seeks over $180 million dollars and Kyocera asserts that the acceleration provisions allow Hemlock to demand over $1 billion dollars.

3. **The parties' resources.** The parties' resources should not be an issue with respect to these discovery requests: Hemlock has significant revenue in its own right, and it is owned by joint ventures of The Dow Chemical Company, Corning Inc. and Shin-Etsu Handota.

4. **The importance of the discovery in resolving the issues.** As explained above, the discovery sought is critically important to resolving the case. It is necessary to determine the key issue in dispute – whether the liquidated damages provisions are enforceable – and the damages at stake if Kyocera prevails on that dispute.

5. **Whether the burden or expense of the proposed discovery outweighs its likely benefit.** The burden of producing information related to actual damages is limited, and in no way could outweigh its benefit. Rather

than seeking "all documents" related to Hemlock's actual damages, Kyocera has significantly narrowed its discovery requests to seek information "sufficient to show" those damages. Surely Hemlock has an online accounting system that tracks its costs, revenues, and the other information requested.

6. **Whether the discovery sought is cumulative or duplicative.** The discovery sought is not cumulative or duplicative. Hemlock has simply refused to produce any information related to its actual damages, and it has now also refused to make witnesses available to testify on that subject.

7. **Whether the discovery sought can be obtained from a more convenient, less burdensome, or less expensive source**. The discovery could not be obtained from another source that is more convenient, less burdensome, or less expensive. Hemlock's public financial statements lack the detail needed to perform an accurate damages analysis.

8. **Whether the party seeking discovery had ample opportunity to obtain the information by discovery in the action.** Kyocera first served broader requests that sought most of the requested information on July 23, 2015. When Hemlock refused to produce the requested information, Kyocera narrowed its requests during an initial series of meet and confer discussions in the summer and fall of 2015. Kyocera further narrowed some requests at issue here on May 10, 2016.

In sum, Hemlock cannot withhold the discovery that Kyocera needs to litigate critical issues in the case. The Court should order Hemlock to produce documents related to its actual damages, as requested in Kyocera's narrowed requests for production.

> **2.    Hemlock's Positions:**
>
> **a) Under Michigan Law, Liquidated Damages Provisions Are Evaluated As Of The Time Of Contracting—Not At The Time Of Breach—So Hemlock's Post-2008 Cost And Financial Information Is Irrelevant; and**
>
> **b) Hemlock's Post-2008 Financials Are Also Irrelevant To The Alternative Contract-To-Market Measure Of Damages Advanced By Kyocera Because That Alternative Measure Already Takes Into Account An Aggrieved Seller's Production Costs**

Rather than a short and plain statement listing the unresolved issues, Kyocera's draft of this "joint" submission that it sent to Hemlock contained seven full pages of argument that simply repeated the content of Kyocera's moving papers. Hemlock does not believe that is what the Court intended for this joint statement and respectfully refers the Court to its Opposition, filed on June 17, 2016 (Dkt. No. 112) for a complete statement of Hemlock's positions.

In short, Kyocera ignores that Hemlock has agreed to produce responsive documents concerning its production costs and financial information for the period up to and including November 2008, which is the effective date of the last of the parties' four Supply Agreements at issue. Michigan law, as announced by the Michigan Supreme Court and widely applied, holds that a court's assessment of a liquidated damage provision is determined by the conditions existing <u>at the time the contract is executed</u>—not when the breach occurs. Accordingly, the documents

6

sought by this motion—i.e., all of Hemlock's post-2008 production and financial data—is irrelevant to this case.

While Kyocera points to a single case from the Western District of Michigan in arguing that a non-breaching party's "actual" damages are relevant to an analysis of a liquidated damages provision, Kyocera omits that the decision it cites applied Texas law, which is materially different from Michigan law on this exact point. Indeed, in an action involving another breaching customer of Hemlock, the Saginaw County Circuit Court denied a motion to compel the very post-2008 information that Kyocera seeks here, applying Michigan law to hold that the post-2008 information is irrelevant to the parties' claims and defenses.

Kyocera next argues that if it prevails on its counterclaims and the damages provisions at issue are declared unenforceable (despite the fact that Michigan appellate courts and this very Court have upheld their validity and enforceability), then Hemlock's "actual" post-2008 expenditures are relevant to an alternative contract-to-market measure of damages advanced by Kyocera. But even under Kyocera's alternative contract-to-market theory, damages would be calculated by a simple comparison of the parties' contract price and the prevailing market price at the time of delivery, without reference to any of Hemlock's production costs. Kyocera claims that Hemlock's production costs should be subtracted under the UCC's "contract to market" damages calculation as "expenses saved." But

manufacturing costs are already built into a product's market price—a point made clear by courts and commentators alike—and Kyocera's argument defies logic.

In sum, Hemlock is <u>not</u> resisting discovery premised on "its own theory of the case." Rather, settled Michigan law that governs <u>Kyocera's</u> legal theories dictates that the discovery it seeks is irrelevant.

The Federal Rules of Civil Procedure state that in order to be discoverable, material must be <u>both</u> (i) relevant to any party's claim or defense, <u>and</u> (ii) proportional to the needs of the case, considering the eight factors set forth Fed. R. Civ. P. 26(b)(1). Here, the eight factors are of no consequence, because the discovery Kyocera seeks fails the threshold test of relevance. And, in any event, the irrelevance of the discovery means that Kyocera's requests do not meet the primary factors related to proportionality: (i) it fails to speak to <u>any</u> issue at stake here, "important" or otherwise; thus (ii) has no role in "resolving" any live issue in the action; and (iii) its burden and expense consequently outweigh its (nonexistent) benefit. Kyocera made a business decision to, without justification, breach a billion-dollar contract. The magnitude of its breach and liability to Hemlock does not entitle it to pursue irrelevant materials or engage in a "fishing expedition" under the guise of "proportionality."

### B. Unresolved Issue No. 2: Information About Costs Incurred in Connection with Hemlock's Plant Capacity Expansions

#### 1. <u>Kyocera's Position:</u> Kyocera is Entitled to Documents to Rebut Hemlock's Argument that the Liquidated Damages Provisions are Enforceable

Kyocera is also entitled to discovery regarding Hemlock's capital investments in its Michigan and Tennessee plants. As required by the Agreements, Kyocera made more than $683 million in advance payments to Hemlock. Despite collecting those advance payments in order to expand its production capacity, Hemlock has argued that it "made over four billion dollars in capital investments at its Michigan and Tennessee plants between 2005 and 2010 . . . [and that] [t]he necessity and magnitude of these expansion investments rendered Hemlock's potential damages uncertain, and the damages provisions agreed to by the parties were reasonable." *Hemlock Semiconductor Corporation v. Deutsche Solar GmbH*, No. 13-cv-11037-TLL-PTM (Doc. No. 91 at 45). Yet, Hemlock has refused to respond to document requests seeking the factual basis for this argument.[1] Hemlock cannot make that argument in defense of the enforceability of the liquidated damages provisions and, at the same time, avoid discovery regarding the factual basis for its assertion. Kyocera is entitled to know how Hemlock financed

---

[1] Moreover, as with the first disputed issue, Hemlock has compounded its refusal to produce documents by refusing to produce witnesses with knowledge related to the advance payments. The parties are continuing to meet and confer with respect to those depositions.

and accounted for its investments—and specifically, whether the advance payments Hemlock received from Kyocera and other customers covered all of Hemlock's investment in expanded capacity.

The Rule 26(b) factors set forth above with respect to the first issue in dispute are equally applicable to this issue. Because the critical issue in the case is whether Hemlock's liquidated damages provisions are enforceable, there can be no doubt that discovery into the basis for Hemlock's enforceability arguments is important to the resolution of the issues.

### 2. Hemlock's Position: Under The Same Controlling Law Governing Liquidated Damages Provisions, Only The Circumstances At The Time Of Contracting Are Relevant

Kyocera's argument regarding Hemlock's subsequent expenditures to expand its facilities—after the contracts were signed—fail for the same reasons summarized above and detailed in Hemlock's opposition brief: Michigan law holds that in analyzing liquidated damages provisions, the time of contracting is the only relevant point of focus. Indeed, Kyocera misrepresents the pleadings from the Deutsche Solar action, which cite that same controlling law, cite the recitations from the contract concerning those investments, and expressly address the parties' knowledge and intent "[a]t the time the Supply Agreements were signed." See 13-cv-11037-TLL-PTM (Doc. No. 91 at 45).

Dated: June 22, 2016

By: */s/ Bryan H. Heckenlively*  
Gregory P. Stone  
Daniel B. Levin  
Erin J. Cox  
Bryan H. Heckenlively  
Emily Curran-Huberty  
Munger, Tolles & Olson LLP  
355 South Grand Avenue  
Los Angeles, CA 90071  
Tel: (213) 683-9528  
gregory.stone@mto.com  
daniel.levin@mto.com  

David C. Doyle  
William V. O'Connor  
Morrison & Foerster LLP  
12531 High Bluff Drive  
San Diego, CA 92130-2040  
Tel: (858) 720-5100  
ddoyle@mofo.com  
woconnor@mofo.com  

Robert A. Hahn (P28193)  
Jungerheld, Hahn & Washburn, P.C.  
P.O. Box 6128  
Saginaw, MI 48608-6128  
Tel: (989) 790-0000  
r.hahn@ameritech.net  

Keefe A. Brooks  
Brooks Wilkins Sharkey & Turco, PLLC  
401 S. Old Woodward, Suite 400  
Birmingham, MI 48009  
Tel: (248) 971-1800  
brooks@bwst-law.com  

*Attorneys for Defendant Kyocera Corp.*

By: */s/ Alvin Lee*  
Alvin Lee  
J. Peter Coll, Jr.  
John Ansbro  
Alvin Lee  
Orrick, Herrington & Sutcliffe LLP  
51 West 52nd Street  
New York, NY 10019-6142  
Tel: (212) 506-5000  
pcoll@orrick.com  
jansbro@orrick.com  
alee@orrick.com  

Craig W. Horn (P34281)  
Braun Kendrick Finkbeiner P.L.C.  
4301 Fashion Square Blvd.  
Saginaw, MI 48603  
Tel: (989) 399-0217  
crahor@braunkendrick.com  

*Attorneys for Plaintiffs*  
*Hemlock Semiconductor Corporation and*  
*Hemlock Semiconductor, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on June 22, 2016, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: /s/ *Bryan H. Heckenlively*